### VOISIN v. MITCHELL et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—NEW MATTER IN ANSWER—REPLY—NECESSITY.

    An answer in an action for money received by defendant from insurance companies as agent for plaintiff, which alleged as new matter that plaintiff had assigned the claims against the companies to creditors as security for their claims, which exceeded the amount of the claims against the companies, pleaded no defense requiring a reply; for, if the assignment was simply as security, plaintiff could maintain the action.

2. SAME.

    An allegation in the answer that plaintiff, after assigning the claims against the companies, had no beneficial interest in the claims and was not the real party in interest, was a mere conclusion of law, requiring no reply.

Appeal from Special Term, New York County.

Action by Stevens Voisin against Edward Mitchell and another. From an order denying a motion to compel plaintiff to reply to allegations in the answer, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

C. N. Bovee, for appellants.

Wales F. Severance, for respondent.

McLAUGHLIN, J. The defendants appeal from an order denying a motion to compel plaintiff to reply to new matters alleged in para-

graphs 1, 2, 3, and 4 in their separate defense pleaded. The action was brought to recover $30,000 alleged to have been received by the defendants as the agent of the plaintiff from certain insurance companies. The paragraphs of the answer referred to allege in substance that the plaintiff assigned the claims referred to in the complaint against the insurance companies to certain of his creditors as security for their respective claims, which exceeded the amount of the policies; that after such assignment the plaintiff had no beneficial interest in any of said policies, or in any of the actions begun thereon, and was not and is not now the real party in interest, and cannot maintain this action.

I do not think the matters alleged constitute a defense, and, if this be true, then a reply ought not to be ordered. What is alleged, in substance, is that the assignment made by the plaintiff was to secure the claims of certain creditors. If it were not an absolute assignment, but simply for security, then the plaintiff still has such an interest as enables him to maintain the action. Lang v. Eagle Fire Company, 12 App. Div. 39, 42 N. Y. Supp. 539; Griffey v. New York Central Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202. The allegation that the plaintiff, after such assignment, had no beneficial interest, and was not and is not now the real party in interest, is a conclusion of law drawn from the facts before alleged. Upon both grounds, therefore, that the court did not improperly exercise its discretion in denying the motion, and that the matters pleaded do not constitute a defense, I think the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.