HUMBOLDT EXPLORATION CO. v. FRITSCH.

(Supreme Court, Appellate Division, First Department.  April 12, 1912.)

1. PLEADING (§ 182*)—REPLY—FAILURE TO REPLY—ADMISSIONS.
   The object of Code Civ. Proc. § 516, which provides that, where an answer contains new matter by way of avoidance, the court, on defendant's application, may direct plaintiff to reply, is not to determine whether such matter is sufficient as a defense against the plaintiff, but to avoid the necessity of proving the facts alleged in the answer by plaintiff's admission or by compelling the plaintiff to allege new facts, if any, upon which he depends to avoid the facts alleged as a defense; and a failure to reply admits the facts alleged.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 387, 388; Dec. Dig. § 182.*]

2. PLEADING (§ 182*)—WAIVER—FAILURE TO REPLY AFTER ORDER FOR REPLY.
   Under Code Civ. Proc. § 516, which provides that, where an answer contains new matter by way of avoidance, the court, on defendant's application, may direct the plaintiff to reply, and that the reply and the proceedings upon failure to reply are subject to the same rules as in the case of a counterclaim, the plaintiff, by failing to reply to such answer, does not waive his objections that the answer does not constitute a defense; that being a question to be determined at the trial.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 387, 388; Dec. Dig. § 182.*]

3. JUDGMENT (§ 569*)—CONCLUSIVENESS—MATTERS NOT IN ISSUE—RIGHT TO PROPERTY.
   Code Civ. Proc. § 2468, provides that in supplementary proceedings the property of the judgment debtor shall be vested in the receiver appointed in the proceedings, and section 2447 provides that the court may order property in the hands of the debtor or of a third person to be delivered to the receiver, where the right of the judgment debtor thereto is not disputed. *Held*, that refusal of the court in such proceedings to require the sheriff to deliver property in his hands to a claimant making application for the order in a summary manner was not an adjudication of the ownership of the property, and did not bar a subsequent action of replevin by such claimant against the receiver to determine the question of title.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 998; Dec. Dig. § 569.*]

4. JUDGMENT (§ 569*)—JUDGMENT AS ESTOPPEL—JUDGMENT ON MOTION.
   The rules applicable to judgments as estoppel are not applicable to their full extent to orders made on motions for judgment on the pleadings.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 998; Dec. Dig. § 569.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. JUDGMENT (§ 956*)—FORMER ADJUDICATION—REFERENCE TO OPINION OF COURT.

On defendant's motion for judgment on the pleadings for want of a reply, where defendant's answer, as admitted by plaintiff, did not show a former adjudication barring plaintiff's right to maintain the subsequent action, the court will not look into the opinion of the court to determine the grounds of the former adjudication; the judgment itself not determining the issues involved as alleged in the answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by the Humboldt Exploration Company against Frank Fritsch. From an order dismissing the complaint on defendant's motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion for judgment denied.

See, also, 131 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Isaac N. Miller, of New York, for appellant.
Raphael Link, of New York, for respondent.

INGRAHAM, P. J. The action was in replevin to recover from the defendant a certain promissory note in the defendant's possession. The answer after a general denial, except as to the incorporation of the plaintiff, sets up two separate defenses. In the first defense the defendant alleges that he was on October 23, 1908, duly and regularly appointed by the Supreme Court of the state of New York receiver of the Greene Gold-Silver Company, a foreign corporation organized under the laws of West Virginia, in proceedings supplementary to execution, and that the defendant duly qualified as such receiver; that on October 23, 1908, the defendant as such receiver came into and took possession of the said note mentioned, described, and set forth in the plaintiff's complaint; and that since said date the defendant was and still is in possession of such note as receiver. For a second defense, after realleging his appointment and qualification as receiver, and that he took possession of this note as the property of the judgment debtor, he alleges that on the 8th of March, 1910, the plaintiff instituted certain proceedings in the Supreme Court entitled, "In the Matter of Supplementary Proceedings, Richard Arnold, Judgment-Creditor, against the Greene Gold-Silver Company, Judgment-Debtor," to compel the defendant herein as such receiver to deliver and turn over to it, the plaintiff above named, the said note mentioned and described in the complaint, alleging and claiming that it, the plaintiff herein, was the owner and entitled to the possession of the note, and that defendant as such receiver unjustly and unlawfully held possession of the same, and refused to deliver and turn over the possession of said note to the plaintiff; that thereafter such proceedings were duly had in said court, resulting finally in a determination by the said court in said proceedings that the plaintiff was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not entitled to the possession of the said note and denying the same, and that annexed to this answer is a true and correct copy of the decision of the said court and the order duly made and entered thereon; that on the 5th of August, 1910, the plaintiff appealed to the Appellate Division from said order, but failed to prosecute the same, and the said appeal was dismissed; that, by reason of the aforesaid, the rights and interests of the plaintiff above named and the defendant above named, as such receiver, in and to the possession thereof, was duly submitted to a court of competent jurisdiction, and the rights and interests duly passed upon and determined and the interests of the· plaintiff in the said note were finally adjudicated and settled. There is annexed to this answer an opinion of the Special Term deciding the application made in the supplementary proceedings and the order made upon such application, which merely denies the application, and vacates an injunction that had been granted. After this answer had been interposed, the defendant made a motion to compel the plaintiff to reply to these separate defenses, which motion was granted, and upon appeal to this court that order was affirmed. The plaintiff, however, failed to serve a reply within the time limited in the order, whereupon this motion was made at Special Term for judgment on the pleadings. The learned Special Term granted this motion on the ground that the affirmance of the order requiring the plaintiff to reply was an adjudication that the defenses alleged were sufficient, and that, the plaintiff having failed to reply to these defenses, they having been adjudged legally sufficient, the defendant was entitled to judgment. In this we think the learned Special Term was in error.

The answer sets up two defenses. One simply alleged the appointment of the defendant as receiver and that he took possession of this note as such receiver, and the second that the question was res adjudicata because the court had denied a motion in the supplementary proceedings in which the receiver was appointed to compel the receiver to turn over this note to the plaintiff. These two defenses appearing in the answer, not demurred to and not questioned, a reply to them would settle the question as to whether the plaintiff intended to deny the facts alleged or plead facts in avoidance. The Special Term considered that the plaintiff should be compelled to take a position in regard to the existence of the facts alleged as defenses.

[1] This application was to compel the plaintiff to reply, made under section 516 of the Code of Civil Procedure, which provides that, where an answer contains new matter constituting a defense by way of avoidance, the court may in its discretion on defendant's application direct the plaintiff to reply to that matter, and in that case the reply and the proceedings upon failure to reply are subject to the same rules as in the case of a counterclaim. In this case the answer contained new matter constituting a defense by way of avoidance. Whether it was sufficient as a defense against the plaintiff's cause of action was not necessary to be determined. The object of requiring a reply was to avoid the necessity of proving the facts alleged in the answer by way of avoidance if the plaintiff admitted them or by compelling the plaintiff to allege new facts if any there were, upon which

he depended to avoid the facts alleged as a defense. After a reply had been served, the question' would still be open at the trial as to whether the facts alleged were a sufficient defense to the cause of action alleged, and this court did not in any way intend to pass upon the question as to the sufficiency of the defense in the event that the plaintiff admitted the facts pleaded. If this answer had contained a counterclaim, instead of a defense by way of avoidance, the fact that a reply had been interposed by the plaintiff would not have prevented the court upon the trial from determining the validity of the defense. The question as to the plaintiff's right to recover and the sufficiency of the facts pleaded as a defense were to be determined at the trial. The effect of a failure by the plaintiff to comply with the order requiring the service of a reply to these defenses was to admit the facts alleged.

[2] In that case (where a reply is required) section 516 of the Code of Civil Procedure provides that the reply and the proceedings upon a failure to reply are subject to the same rules as in the case of counterclaims. The matter alleged, therefore, by way of avoidance stands admitted, but by omitting to reply the plaintiff did not waive his objections that the answer alleged did not constitute a defense. Lipman v. Jackson Architectural Iron Works, 128 N. Y. 58, 27 N. E. 975, and Jordan v. National Shoe & Leather Bank, 74 N. Y. 467, 30 Am. Rep. 319, where the court said:

"Granted that by reason of no reply those allegations are admitted to be true, the claim of the defendant, that it is entitled to set off that sum, is but an averment of what the defendant contends is the legal result from their existence. The lack of a reply does no more than admit that averment; that is, that the defendant so claims. Whether its claim is well founded still remains to be determined by the court. In other words, though the matter set up in the answer be admitted to be true by not replying thereto, or be proven to be true, as it was on the trial, there is still to be determined whether the courts will accede to the claim of the defendant, that that matter constitutes a right of set-off in the defendant. It is the matter of law arising from those facts which is not yet finally disposed of in this case. A party is not estopped by not taking issue upon a matter of law averred in his adversary's pleadings."

[3] We come, therefore, to the question as to whether the facts alleged in the answer as admitted to be true constituted a' defense to the plaintiff's cause of action. In neither defense is there any denial as to the allegations of the complaint. The essential facts pleaded in these two defenses is that the defendant as receiver in supplementary proceedings of a foreign corporation "came into and took possession of the said note mentioned, described, and set forth in the plaintiff's complaint herein, and that since said date the said defendant was and still is in possession of the said note, as such receiver"; that the plaintiff instituted a proceeding in the Supreme Court of the state of New York in proceedings supplementary to execution wherein the defend-. ant was appointed receiver to compel the defendant herein as such receiver to deliver and turn over to the plaintiff above named the said note mentioned and described in the complaint in the said action, alleging and claiming that it, the plaintiff, was the owner and entitled to the possession of the said note; that that application was denied and an 'order entered thereon denying the application.; and that, by

reason thereof, the rights and interests of the plaintiff and defendant as such receiver in and to said note was duly submitted to a court of competent jurisdiction, and on such submission the matters in this action in litigation were and are finally adjudicated and settled, and the plaintiff is estopped and debarred from prosecuting this action.

Proceedings supplementary to execution are regulated by the Code of Civil Procedure. By section 2432 of that Code the different proceedings to examine the judgment debtor and appoint a receiver are specified. Subsequent sections contain provisions for the examination of the judgment debtor and the examination of persons having property belonging to the judgment debtor. Section 2464 provides that the judge may make an order appointing a receiver of the property of the judgment debtor, and section 2468 provides that the property of the judgment debtor is vested in the receiver who has duly qualified from the time of filing the order appointing him or extending his receivership as the case may be. Thus the receiver is entitled to the possession of the property of the judgment debtor, and, if he takes possession of the property of third persons not the property of the judgment debtor, he certainly is not entitled to hold it as against the true owner and the true owner has as against the receiver the same remedies that he would have against any other individual who had come into possession of his property and refused to restore it on demand. There is no express provision of the statute authorizing a person owning property as to which the receiver has acquired possession to maintain a proceeding to require the receiver to deliver possession to the claimant. It is true the receiver is an officer of the court and undoubtedly the court could exercise its jurisdiction over him by compelling him to restore possession of the property that had come into his possession as receiver to the true owner. There is a provision contained in section 2447 of the Code of Civil Procedure for an order requiring the delivery of money or property of the judgment debtor to a receiver. That section provides that, where it appears from the examination of the testimony taken in special proceedings authorized by this article that the judgment debtor has in his possession or under his control money or other personal property belonging to him or that one or more articles of personal property capable of delivery his right to the possession whereof are not disputed are in the possession or under the control of another person, the judge by whom the order or warrant is granted, or to whom it is returnable, may in his discretion and upon such notice given to such persons as he deems just or without notice make an order requiring the judgment debtor or other person to deliver the money or articles of personal property to a sheriff designated in the order or to the receiver. But, to justify an order under this section, it must appear that the judgment debtor's right to the property is not substantially disputed, and, where it is so disputed, certainly an order denying a motion to compel the third party to deliver the property to the receiver would not be an adjudication as between the receiver and the third party as to the ownership of the property.

Thus we think that the refusal of the court upon the application of a claimant of personal property in the possession of a receiver

to require the receiver in a summary manner to deliver the possession of such property to the claimant is not a final adjudication as to the ownership of the property so as to prevent the claimant from maintaining a proper action for obtaining possession of the property or its value. The usual remedies for a claimant of property held by others are formal actions regulated by the general principles of the common law. Summary applications to obtain property the title to which is disputed cannot be maintained so as to adjudicate the ownership of the property in question. There was nothing in the order which denied the plaintiff's application to require the receiver to turn over the property to the plaintiff which determined the rights of the parties to the property or which was an adjudication as to its ownership.

[4] The order simply denied the motion, and it is a general rule as applicable to motions of this character that the rules applicable to judgments as estoppel are not applicable to their full extent to such orders made on motion. Riggs v. Pursell, 74 N. Y. 370.

[5] I do not think we should look into the opinion of the court to determine the ground upon which the court denied the plaintiff's application. Neither the opinion itself, a copy of which is annexed to the answer, nor the order entered on denying the application, contains any adjudication as to the ownership of the property or of the facts upon which that adjudication can be finally determined. The plaintiff by failing to reply admitted only the facts alleged as an answer, and did not admit the legal conclusions drawn therefrom, and, on these facts, I do not think that there was an adjudication as to the title of the property which is a bar to the plaintiff maintaining this action.

The judgment appealed from must therefore be reversed, with costs, the order of the court dismissing the complaint on the motion for judgment reversed, and the motion for judgment on the pleadings denied, with $10 costs.

LAUGHLIN, SCOTT, and MILLER, JJ., concur. CLARKE, J., dissents.