WYLLYS CO. v. NIXON.     (No. 6533.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. CORPORATIONS (§ 121*)—PLEADING—COMPLAINT—CONSTRUCTION.

A complaint alleging that defendant agreed to pay a sum of money on a certain date for stock certificates held by plaintiff, and failed to do so, states a cause of action for breach of contract, and not to recover the purchase price.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. § 121.*]

2. TAXATION (§ 103*)—STOCK TRANSFERS—EXECUTORY CONTRACTS.

Tax Law (Consol. Laws, c. 60) § 270, providing for a tax upon all transfers of corporate stock, does not apply to a mere executory contract of sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 202; Dec. Dig. § 103.*]

3. SALES (§ 384*)—BREACH OF CONTRACT TO PURCHASE—PROPERTY RETAINED BY SELLER—MEASURE OF DAMAGES.

Where one who agreed to buy his personal property failed to complete his purchase as agreed, and the seller retains the property, the measure of damages is the difference between the market value and the amount the buyer agreed to pay.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

Appeal from Trial Term, New York County.

Action by the Wyllys Company against Lewis Nixon.  Judgment for plaintiff.  Defendant appeals.  Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Stuart M. Kohn, of New York City, for appellant.

Thomas Kearny, of New York City, for respondent.

McLAUGHLIN, J.   The amended complaint alleges, in substance, that one H. J. Rogers deposited with the plaintiff certificates of preferred stock of the par value of $5,000, and certificates of common stock of the par value of $2,500, of the Steel Package Company, to secure the payment by him to the plaintiff of $3,460.44; that on October 7, 1913, the defendant, with knowledge of the agreement between Rogers and the plaintiff relative to the stock, offered in writing, in the event that Rogers did not redeem the stock by November 27, 1913, to purchase it from the plaintiff on or before such date, and pay therefor $3,260.44, with interest; that on October 15, 1913, plaintiff in writing accepted the defendant's offer; that Rogers did not pay, and the plaintiff has at all times had the stock in its possession, and was and is ready and willing to deliver the same pursuant to the terms of the agreement; that defendant has refused to pay the amount agreed, or any part thereof, except the sum of $441.75, leaving a balance due and owing to the plaintiff of $2,818.69, for which judgment was demanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

None of these allegations are controverted in the answer, and they are therefore deemed admitted. The answer alleges as a defense that the plaintiff did not affix the stamps and pay the tax as provided in section 270 of the Tax Law, and has not delivered a bill or memorandum of sale as therein provided; that since no tax was paid at the time of the transfer referred to, such transfer cannot, as provided in section 278 of the Tax Law, be the basis of an action or legal proceeding. The only evidence which was introduced at the trial was a stipulation that:

"No sum has been paid in pursuance of section 270, and the following sections, to section 278 of the Tax Law."

Upon the pleadings and this stipulation, the court rendered a decision in favor of the plaintiff, upon which judgment was entered for the amount claimed in the complaint. From this judgment, and an order denying a motion for a new trial, defendant appeals.

[1] The complaint is one to recover damages for the breach of a contract, and not, as contended by the defendant, an action to recover the purchase price of securities sold. The defendant agreed, upon the failure of Rogers to redeem his pledge before a certain date, to purchase the stock on or before such date and pay therefor the amount of Rogers' obligation, with interest. The complaint then alleges that Rogers failed to pay, and defendant had refused to complete his purchase. There are no allegations in the complaint, or any from which an inference can be drawn, that plaintiff is holding the stock for the vendee, or has elected to consider the title as transferred to him.

Not only this, but under article 6, § 162, of the Personal Property Law (Laws 1913, c. 600), title to certificates and shares of stock represented thereby can only be transferred by delivery of the certificates indorsed in blank, or to a specified person, by the one appearing by the certificates to be the owner thereof, or by written assignment of the certificates.

[2] Section 278 of the Tax Law provides:

"Effect of Failure to Pay Tax.—No transfer of stock made after June 1, 1905, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer, shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

If the action were to be considered as one to recover the purchase price, then the failure to pay the transfer tax would prevent plaintiff's recovery. But it is clear from the allegations of the complaint that the action is not based upon a transfer of stock, for there has in fact been no transfer. Section 278 of the Tax Law, therefore, is not a bar to the maintenance of the action.

[3] The judgment, however, must be reversed, because the case was tried and decided upon an erroneous theory. The action, as already said, was one to recover damages for the breach of defendant's contract to purchase, and it was tried and the recovery had as if it were an action to recover the purchase price. The plaintiff is un-

doubtedly entitled to recover the damages which he has sustained, if any, owing to the defendant's breach of the contract to purchase the stock; but those damages are to be measured, not by the amount agreed to be paid, but by the difference between the value of the stock, title and possession of which is in the plaintiff, and the amount which defendant agreed to pay. Ackerman v. Rubens, 167 N. Y. 405, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728; Sedgwick on Damages, vol. 2 (9th Ed.) pp. 3, 1189, 1203; Baker v. Drake, 53 N. Y. 211, 13 Am. Rep. 507. The rule is tersely stated by Vann, J., in the Ackerman Case. He said:

"When the vendee of personal property * * * refuses to complete his purchase, the vendor may keep the article for him and sue for the entire purchase price; or he may keep the property as his own and sue for the difference between the market value and the contract price; or he may sell the property for the highest sum he can get, and, after crediting the net amount received, sue for the balance of the purchase money."

The judgment here appealed from allows the plaintiff to retain the certificates of stock and recover the entire price agreed to be paid. Obviously such a judgment cannot be permitted to stand. On electing to keep the property as his own, plaintiff was at most entitled to recover only the difference between the contract price and the market price at the time the stock should have been paid for.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.