### DITTENFASS v. HORSLEY et al.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. PLEADING ☞166—REPLY—NEW MATTER BY WAY OF AVOIDANCE.
    The discretion conferred upon the court by Code Civ. Proc. § 516, to compel a reply to new matter set up as a defense by way of avoidance, is freely exercised when the court can see that the new matter, if true, is of such a character as possibly to avoid surprise at the trial, or entirely prevent or shorten the trial.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. ☞166.]

2. PLEADING ☞166—REPLY—NEW MATTER BY WAY OF AVOIDANCE.
    The granting or denial of a motion requiring a reply to new matter set up as a defense by way of avoidance does not indicate an opinion on the part of the court that the pleading is either good or bad, though if the matter pleaded, upon inspection, is insufficient as a defense, a reply will not be ordered.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. ☞166.]

3. PLEADING ☞166—REPLY—NEW MATTER BY WAY OF AVOIDANCE.
    Where, in a suit for specific performance of an alleged contract for the sale of corporate stock, the answers alleged as a defense that no stock transfer tax had ever been paid or canceled on account of or in connection with the alleged agreement, defendants were entitled to have plaintiff reply to such defense, to the end that they might test, by an appropriate motion, the validity of the defenses, as the defenses were not frivolous.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. ☞166.]

Appeal from Special Term, New York County.

Action by Mark M. Dittenfass against Davis Horsley, William Horsley, Patrick A. Powers, and others. From orders denying motions to compel plaintiff to reply to new matter set up in the answers, the defendants named appeal. Reversed, and motion granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGH-LIN, SCOTT, and PAGE, JJ.

Samuel F. Moran, of New York City, for appellants.

F. Wright Moxley, of New York City, for respondent.

McLAUGHLIN, J. This action was brought to procure a judgment decreeing the specific performance of an alleged contract for the sale and delivery of certain shares of the capital stock of the Universal Film Manufacturing Company. The contract is alleged to have been entered into between the defendant William Horsley and one Louis J. Selznick, plaintiff's assignor, and the defendants Powers and David Horsley are alleged to have purchased the stock subsequent to the execution of the contract referred to—copy of which is annexed to and made a part of the complaint. Powers interposed a separate answer, in which he alleged, among other things, as a fourth defense:

"That no stock transfer tax was ever paid and no stock transfer tax canceled on account of or in connection with any alleged agreement between defendant William Horsley and said Louis J. Selznick for the sale or purchase of the shares of capital stock of the Universal Film Manufacturing Company mentioned in the amended complaint herein."

The defendants Horsley interposed an answer, in which they alleged as a seventh defense substantially the same facts set forth in the fourth defense of the defendant Powers. Motions were made by Powers and the Horsleys to compel the plaintiff to reply to such defenses set up in their respective answers. Each motion was denied, and the appeal is from such orders. The appeals were argued together, and, since they involve a determination of the same question, they may properly be considered together.

[1, 2] The Code of Civil Procedure (section 516) authorizes the court, in its discretion, to compel a reply to new matter contained in an answer and therein set up as a defense by way of avoidance. This discretion, as a general rule, is freely exercised when the court can see that the new matter, if true, is of such a character as may possibly avoid surprise at, entirely prevent, or shorten the trial. Schweitzer v. Hamburg-American Line, 149 App. Div. 900, 134 N. Y. Supp. 812; Guinzburg v. Joseph, 141 App. Div. 472, 126 N. Y. Supp. 324; Seaton v. Garrison, 116 App. Div. 301, 101 N. Y. Supp. 526. The granting or denial of a motion requiring a reply does not indicate an opinion on the part of the court that the pleading is either good or bad. Humboldt Exploration Co. v. Fritsch, 150 App. Div. 90, 134 N. Y. Supp. 747. Obviously, if the matter pleaded, upon inspection, shows that it is insufficient as a defense by way of avoidance, then a reply will not be ordered. Voisin v. Mitchell (Sup.) 96 N. Y. Supp. 386.

[3] The defenses here pleaded, to which the plaintiff is asked to reply, clearly are not frivolous. Wyllys Co. v. Nixon, 165 App. Div. 373, 150 N. Y. Supp. 944; Sheridan v. Tucker, 145 App. Div. 145, 129 N. Y. Supp. 18; Phillips v. Grossman, 76 Misc. Rep. 497, 135 N. Y. Supp. 567. Not being frivolous, I think the defendants were

entitled to have the plaintiff reply, to the end that they might test by an appropriate motion the validity of such defenses.

Each order appealed from, therefore, is reversed, with $10 costs and disbursements, and each motion granted, with $10 costs. All concur.

