EDMUND F. HARDING, Appellant, *v.* WILLIAM D. GAILLARD, Individually and as Assignee for the Benefit of Creditors of the Firm of BEERS & OWENS, Respondent, Impleaded with CHARLES H. DICKINSON, as Sole Surviving Partner of BEERS & OWENS, Defendant.

First Department, February 23, 1917.

Judgment — submission of controversy — debt of stockholder to insolvent stockbroker — res adjudicata — when determination on submission of controversy bars subsequent action for damages.

Where the plaintiff was the owner of stock which he had pledged with stockbrokers, who afterwards made a general assignment for the benefit of creditors, agreed with the assignee to submit to the Supreme Court

their controversy respecting the amount which the plaintiff should pay to the assignee in order to be entitled to a return of the stock, and the sum due was adjudicated by the court and the plaintiff received his stock on the payment of his debt to the assignee, the adjudication is a bar to a subsequent action brought by the plaintiff against the assignee to recover damages resulting from the depreciation in the market value of the stock prior to the delivery thereof to the plaintiff.

The submission of the controversy and the determination thereof was not the determination of a motion, but was a substitute for any action, legal or equitable, to which the plaintiff was entitled, and if the plaintiff had a claim for damages arising from depreciation in the value of the stock he should have asserted it in the submission of the controversy, or the question of the right to such damages should have been expressly reserved.

APPEAL by the plaintiff, Edmund F. Harding, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1916, denying plaintiff's motion for judgment on the pleadings.

*Cyril F. Dos Passos,* for the appellant.

*Charles Capron Marsh,* for the respondent.

LAUGHLIN, J.:

The pleadings are a complaint, an amended answer interposing two separate defenses containing denials of the allegations of the complaint with respect to the amount of the lien of the brokers as security for which they held plaintiff's stock and with respect to the plaintiff's damages, and a demurrer to each of the defenses on the ground of insufficiency.

The plaintiff was a customer of the stock brokerage firm of Beers & Owens, who were carrying for his account 300 shares of Interborough-Metropolitan Company common stock when, on the 8th day of September, 1915, Mr. Beers died and the surviving partner, the defendant Dickinson, made a general assignment for the benefit of the creditors of the firm to the defendant Gaillard.

At that time the plaintiff's account, according to the brokers' books and eliminating certain admitted errors which are now immaterial, showed a debit balance of $3,806.95 in their favor against the plaintiff, as security for which they held the

Interborough-Metropolitan stock. This account contained on the credit side an item of $1,900 arising from the alleged sale for the plaintiff's account in July, 1915, of 100 shares of Allis-Chalmers Manufacturing Company common stock at $19 a share. On the 20th day of September, 1915, the plaintiff discovered that the brokers had fraudulently reported to him the sale of the 100 shares of Allis-Chalmers stock at $19 a share on his order to sell at that price, whereas in fact no such sale had been made and that when he delivered the stock to enable them to deliver to the supposed purchaser they converted it to their own use, crediting him with the proceeds of the fictitious sale. On discovering these facts the plaintiff claimed to be entitled to the market value of the Allis-Chalmers stock in accordance with the rule giving the customer the benefit of the market price within a reasonable time after discovery of an unauthorized sale, and on that theory claimed a further credit of $2,800, which would reduce his debit balance on the date of the assignment to $1,006.95. By virtue of the assignment the Interborough-Metropolitan stock had come into the possession of the defendant Gaillard as assignee and on the twenty-sixth day of October thereafter the plaintiff, according to the allegations in the separate defenses which are admitted by the demurrer, offered to pay to the assignee said sum of $1,006.95 and, according to an allegation of the complaint which is not specifically denied, interest thereon from the 9th day of September, 1915, if the assignee would deliver to him the Interborough-Metropolitan stock. The plaintiff alleges that at that time he was ready, willing and able to pay the assignee said sum but that the assignee refused to accept the same and claimed a lien on the stock for the debit balance in which the value of the Allis-Chalmers stock was figured at $19 a share, thus making the debit balance $3,806.95; but, according to the allegations of the answer which are admitted by the demurrer, the plaintiff made no tender and no demand for the delivery of the Interborough-Metropolitan stock and, on the assignee's stating that he was advised that he had no authority to deliver the stock on the terms proposed by the plaintiff without an order of the court and suggesting that an application be made to the court " for an adjudication of the

plaintiff's entire claim, including his said alleged claim arising out of the alleged unauthorized disposition of said Allis-Chalmers stock," the plaintiff and the assignee agreed, in effect, to submit the controversy to the Supreme Court to have the amount upon payment of which the assignee should deliver the stock to the plaintiff determined in order to have the question decided summarily and to save the expense and delay of an action in replevin or for conversion. The answer further sets forth the proceedings had pursuant to said agreement and shows that the plaintiff petitioned the Supreme Court for a determination of the controversy, setting forth his claim to be entitled to the delivery of the stock on payment of the balance as claimed by him together with interest thereon from the date of the assignment and that the assignee by an answering affidavit joined in the request that the court determine the amount that should be paid to the assignee as a condition of his delivering the stock to the plaintiff and direct delivery on payment thereof but setting forth therein the facts as claimed by him. Without further evidence the application was brought to a hearing by consent and, after argument and reargument, an adjudication with respect to the alleged conversion of the Allis-Chalmers stock and the correct debit balance owing by the plaintiff to the brokers was made in the form of an order directing the assignee to deliver the stock to the plaintiff upon the payment of the amount of the debit balance as thus adjudicated, which was $3,806.95. The plaintiff appealed from that adjudication and this court reversed the order and granted the motion as prayed for by the plaintiff. (*Matter of Dickinson*, 171 App. Div. 486.) The plaintiff on the 5th day of February, 1916, paid to the assignee the sum of $1,006.95 and received the Interborough-Metropolitan stock.

This action is brought to recover damages consisting of the depreciation in the market value of the Interborough-Metropolitan stock between said 26th day of October, 1915, and the 5th day of February, 1916, the date of the delivery of the stock to the plaintiff. The defendant, among other things, after alleging the facts with respect to the agreement to submit the controversy to the court as stated, pleads the adjudication on the plaintiff's petition both in bar and as an estoppel. The

petition was verified on October 26, 1915, and the final hearing thereon at Special Term was had on the 17th day of November, 1915. The petition contained no prayer for damages on account of the failure of the assignee to deliver the stock and no claim for such damages was made in that proceeding. The plaintiff claims that the damages sought to be recovered in this action were not involved in the former proceeding and that even if they could have been adjudicated therein a recovery thereof is not barred by the adjudication made in that proceeding, for the reason that it was merely an order, and that the rule applicable to the effect of a judgment in an action by which the judgment is deemed a bar both with respect to the matters actually litigated and those which might have been litigated therein does not apply; and he also claims that his damages could not have been litigated in the former proceeding. He seeks to maintain this action upon the theory that by his readiness, ability and willingness to pay the amount to which the assignee was entitled on the 26th day of October, 1915, and by the refusal of the assignee to accept the same he became entitled to the stock at that time on the theory that the refusal of the assignee constituted a waiver of tender; and he claims to be entitled to recover damages for the detention precisely the same as if the stock had been voluntarily delivered to him by the assignee after the tender, in which event *Boomer* v. *Flagler* (51 N. Y. Super. Ct. [19 J. & S.] 211) would be authority for the maintenance of the action to recover the depreciation in the value of the stock from the time when the plaintiff was entitled to have it delivered until the time when it was delivered *if* it had been delivered without litigation. Even if the plaintiff were in a position to invoke that rule I think it is not applicable here. But by the demurrer the plaintiff admits that he made no tender and no demand. And, therefore, unless on the facts alleged in the complaint and not denied, both tender and demand were waived, the plaintiff is without standing to invoke that rule. In the view I take of the case it is not necessary to decide whether tender and demand were waived. There is no allegation in the complaint with respect to whether the stock depreciated in value between the date on which the plaintiff claimed

to have been entitled to have it delivered to him and the date of the *hearing* on his petition. For aught that appears, therefore, the depreciation may have all occurred pending the former litigation which was instituted by consent and in which without such consent there could have been no adjudication. (See *Humboldt Exploration Co.* v. *Fritsch*, 150 App. Div. 90.) The assignee was not an officer of the court or subject to its orders. It is unnecessary to consider the authorities pointing out the distinction between an adjudication on a motion and in an action (See *Riggs* v. *Pursell*, 74 N. Y. 370; *Steuben County Bank* v. *Alberger*, 83 id. 274; *Blank* v. *Blank*, 107 id. 91; *Dutton* v. *Smith*, 10 App. Div. 566; *Haskell* v. *Moran*, 117 id. 251; *Humboldt Exploration Co.* v. *Fritsch, supra*), for I am of opinion that the former adjudication has the same force and effect as an adjudication by judgment in an action. On the assumption that what transpired between the parties on the 26th day of October, 1915, entitled the plaintiff to the possession of the stock on the theory that he made a sufficient tender and demand, or that they were waived, which is the theory on which he seeks to maintain this action, he thereupon had a remedy at law either by an action for conversion or in replevin. Instead of prosecuting in the ordinary manner either of those remedies, in the prosecution of which he would have been obliged at his peril to recover all his damages (*Commerce Exchange Nat. Bank* v. *Blye*, 123 N. Y. 132; 34 Cyc. 1571; *Pabst Brewing Co.* v. *Rapid Safety Filter Co.*, 56 Misc. Rep. 445; *Ritchie* v. *Talcott*, 10 id. 412), he arranged with the assignee to submit it to the court to decide summarily upon what conditions he was entitled to a return of the stock, and to have the assignee directed to deliver it to him upon compliance therewith. That proceeding was not a motion in any pending action or proceeding whereby the court had jurisdiction to order the delivery of the stock. It was a proceeding by consent as a substitute for any legal or equitable remedy the plaintiff may have had for the recovery of his stock, and whether it be deemed the submission of a cause of action in replevin for a summary trial by the court or the submission summarily and by consent of a suit in equity for the possession of the stock, the adjudication necessarily determined all of the plain-

tiff's rights precisely the same as if he had pursued as matter of right any legal or equitable remedy he had. Any other ruling would be unfair to the assignee, who consented to have the controversy thus determined instead of standing upon his legal rights which would have entitled him to a jury trial of an action for conversion or in replevin, and would contravene a principle of the common law and our statutory law forbidding the splitting of a cause of action for the possession of property and for damages for the detention thereof. (*Commerce Exchange Nat. Bank* v. *Blye, supra; Bracken* v. *Atlantic Trust Co.*, 167 N. Y. 510; Code Civ. Proc. § 1722; *Pabst Brewing Co.* v. *Rapid Safety Filter Co., supra; Ritchie* v. *Talcott, supra.*) There was the same authority for submitting plaintiff's right to damages to the court for decision by consent as for submitting the questions which were submitted and adjudicated. If the depreciation all occurred pending the litigation and after the hearing at Special Term there would have been no redress in a replevin action or in a suit in equity. (*Commerce Exchange Nat. Bank* v. *Blye, supra; Bracken* v. *Atlantic Trust Co., supra.*) If there was any depreciation before the hearing the damages should have been claimed, proved and recovered in the former proceeding or there should have been a stipulation or agreement expressly reserving them. The plaintiff doubtless did not anticipate that there would be any material depreciation in the market value of the stock pending the litigation, for if he had he might have paid the amount demanded and after receiving the stock recover the excessive exaction. (*Stenton* v. *Jerome*, 54 N. Y. 480.) In the circumstances, however, I am of opinion that the former adjudication constitutes both a bar and an estoppel against the maintenance of this action.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

SCOTT, DOWLING, SMITH and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.