SEAGRIST et al. v. REID et al.

(Supreme Court, Appellate Division, First Department. March 10, 1916.)

1. CORPORATIONS ⚿210—RECEIVERS—ACTIONS AGAINST RECEIVER—JOINDER AS DEFENDANT IN PENDING SUIT.

Where a receiver was appointed to take possession of the property of a railroad corporation, against whose directors an action brought by the stockholders was pending to recover on behalf of the corporation assets alleged to have been lost through the misfeasance or malfeasance of the directors, an ancillary receiver appointed to collect the choses in action is a proper and necessary party defendant to the stockholders' suit, and a motion by the plaintiff, made with consent of the court appointing such ancillary receiver, to have him joined as defendant, should be granted.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 808–813; Dec. Dig. ⚿210.]

2. ABATEMENT AND REVIVAL ⚿6—OTHER ACTION PENDING—ABATEMENT OF PRIOR ACTION.

Where a stockholder's action against the directors of a corporation is pending at the time a receiver for the corporation was appointed, the institution of a suit by the receiver for the same relief as was demanded in the stockholder's action does not abate the further prosecution of the prior action.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 32–34; Dec. Dig. ⚿6.]

3. DISCOVERY ⚿58—ORDER FOR EXAMINATION OF PARTIES—REQUISITES.

In a stockholder's action against the directors to recover misappropriated funds, an order for examination of the defendants before trial, which specifies no object for such examination, is too broad, and should be limited to matters of fact which plaintiffs must establish to maintain their cause of action, or from which the facts sought to be proven may be inferred.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. ⚿58.]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Theresa Seagrist and others against Daniel G. Reid and others, impleaded with William H. Moore. From orders denying plaintiffs' motion to bring in Jacob M. Dickinson, as ancillary receiver of the Chicago, Rock Island & Pacific Railway Company, as a party defendant, directing the plaintiffs to reply to new matter contained in the supplemental answers of the defendants, and granting defendants' motion to vacate an order for the examination of the defendants before trial, the plaintiffs appeal. Orders reversed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Samuel Untermyer, of New York City, for appellants.

George L. Ingraham, of New York City, for respondents Reid, Hine, Mills, Graham, Boggs, Mudge, and McMurty.

William N. Dykman, of Brooklyn, for respondent Moore.

PAGE, J. I regret that I am unable to accept the opinion of either my Brother SMITH or SCOTT. There is no question submitted to this court on the appeal which involves the consideration of a stay. No application has been made either in this or the United States court, so far as we are advised, for such relief. We are concerned with the questions which are presented by these appeals from the three orders of the Special Term, and not in advising the parties as to what motions they could make in the future, nor in suggesting to the Special Term or the United States District Court what disposition they should make of such motions, if they should be made. If this had been a permanent receiver, appointed in proceedings for the dissolution of the corporation, with full power to marshal and distribute the assets, I would be inclined to accept Mr. Justice SCOTT'S conclusions. The receiver was appointed by the United States District Court for the Northern District of Illinois, in an action brought by the American Steel Foundries against the Chicago, Rock Island & Pacific Railway Company. The complainant in that action alleges that the Railway Company is indebted to it in the sum of $15,818.46, which, although due and payment demanded, is unpaid, and that the Railway Company claims to be unable to make such payment by reason of its financial condition. The bill of complaint also sets forth that certain short term notes, interest on bonds, the principal of certain bonds, and guaranteed interest, amounting in the aggregate to more than $4,997,707, would become due and payable within the next two months. It is further alleged that the creditors of the Railway Company are located in many jurisdictions, and that complainant fears that such creditors will commence actions, attach property, or attempt to enforce liens against the property owned, operated, or controlled by it, and will levy upon its rolling stock, equipment, supplies, earnings, and bank accounts, thereby preventing it from continuing the operation of its system of railways, and that there is a consequent danger that the system of the defendant's railways will become disorganized, and that the Railway Company will be unable to continue the operation thereof; that it is of vital importance, not only to the holders of bonds and other cred-

itors, but also to the public, that the operation of said system of rail-
ways should not be interrupted or disorganized until the rights of vari-
ous creditors can be ascertained and an oppportunity given for a re-
organization and readjustment of the properties and securities and the
obligations of the Railway Company.   It is further alleged that an
attempt by the complainant to enforce at law its claims as a general
creditor would precipitate similar actions by other creditors, that by
reason of the foregoing facts the interference of a court of equity
is immediately required, and that there is necessity for the immediate
appointment of a receiver or receivers "to take charge of and pre-
serve the property of the Railway Company, to continue the opera-
tion of its lines of railroad for the accommodation of the public, and
to collect and receive and properly appropriate the income of and from
said property under orders of this court to be made from time to time
until its final decree in the premises.   Then follows a prayer for the
appointment of a receiver or receivers, with the usual powers in such
cases.

The bill was filed in the clerk's office, April 20, 1915.   The same
day the final decree was entered reciting that the defendant had filed
its answer admitting the allegations of the bill.   This decree provides
for no relief to the complainant or other creditors.   Two receivers
were appointed, to take possession of the assets, rights, franchises, and
property of the Railway Company, and to operate its railroad system
in the interest of the public and under the direction of the court.
The receivers appointed by the decree are merely chancery receivers,
given possession of, but not title to, the property of the Railway Com-
pany.   The Railway Company is not dissolved or divested of its title
to its property.   It is restrained from interference with the receivers,
and required to surrender possession temporarily until the purposes
of the suit may be accomplished, namely, until the finances of the Rail-
way Company can be reorganized and readjusted, under the supervi-
sion and direction of the United States District Court.

[1] On April 24, 1915, upon petition of the receivers, Jacob M.
Dickinson was appointed sole receiver of claims, choses in action, if
any, existing in favor of the defendant against its present or former
directors, or any of them, with power and authority to investigate the
facts and law respecting said claims and choses in action, or cause
the same to be investigated by such counsel and others as he may
select, with power to select and employ counsel and others for such
purpose, and as such receiver of said claims and choses in action to
pay such counsel and others out of funds in the custody of the receiv-
ers herein.   Said Receiver Dickinson "shall have authority, and is
hereby directed, to institute such proceedings as such receiver of said
claims, and choses in action, against said directors, or any of them,
as after such investigation he may be advised, *and to intervene in any
pending suits,* when it shall be necessary and proper."   On September
18, 1915, an order was made in the United States District Court for
the Southern District of New York, appointing said Dickinson ancil-
lary receiver, with the same powers and authority as contained in the
order of April 24, 1915, and he "is also authorized in his discretion,

and without further application to this court, to intervene, either as ancillary receiver or in the name of the said Railway Company, in any action at law or suit in equity now pending, which may in any wise affect the claims, choses in action, and causes of action, of which he is appointed as ancillary receiver as aforesaid."

This action was commenced in this court, and was at issue as to all the defendants, prior to the commencement of the suit in the United States District Court for the Northern District of Illinois by the American Steel Company. The right to bring this action by these plaintiffs, as stockholders of the Railway Company, rested upon the fact that the directors in control of the corporation were the parties sought to be charged with misfeasance and malfeasance, and hence demand upon and refusal of the corporation to bring the action was not necessary. By virtue of their stockholdings these plaintiffs pro tanto were the owners of the property and assets of the corporation. The action is not to recover the money for their own benefit, except as they would share with other stockholders in the benefit arising through an increase in the common property held by the corporation. Therefore, although the action is prosecuted by the stockholders, the recovery inures to the corporation. At the time the action was commenced, the corporation was vested with the title to, and right to possession of, the cause of action and the avails thereof. The order appointing the receiver does not divest the corporation of the title, but it transfers the right of possession to the receiver. As an incident to his right of possession he could prosecute an action to reduce the claim to possession.

Where an action had already been brought, and was pending, by the stockholders in their representative capacity, no action on his part was necessary or proper. The recovery, however, should be paid to him, and not to the corporation, for the reason that he is entitled to the possession. This consideration makes him a proper, and in my opinion a necessary, party defendant, in place and stead of the Railway Company, which is a party defendant to the action.

It is clear, from the language of the order appointing the receiver and the order appointing the ancillary receiver, that it was the expectation of the judges of the District Court that in any jurisdiction where actions had been commenced by stockholders that the receiver would intervene, and not that two actions should be brought on the same cause of action. This view is strengthened by the fact that, as soon as it was called to the attention of the United States court in this district that an action had been brought and was pending in which the receiver had not intervened, leave was immediately granted to apply to the state court to make him a party defendant.

For these reasons, and the further reason that when the receiver is made a party, the prosecution of this action will in no wise interfere with the rights of the receiver under his order of appointment, but be in aid thereof, by reducing to his possession the avails of the action, in my opinion the order denying the motion to bring the receiver in as a party defendant should be reversed, and the motion granted.

This disposition of the motion to bring in the receiver dispenses with

the necessity of a reply to the allegations of the supplemental answers of the defendant as to the appointment of the receiver and his having brought an action for the same cause against these defendants, as those facts will necessarily be alleged in the supplemental complaint, except as to the bringing of the action.

[2] The plea of another action pending is a novel proposition, as a bar to the first action, however appropriate it might be in the second action. Such plea is available to the defendants in the action brought by the receiver, but as to this action the maxim applies, "Qui prior est tempore potior est jure." The order directing the plaintiffs to reply to the supplemental answer should be reversed, and the motion denied.

[3] I concur with Mr. Justice SMITH that the order for the examination should be modified in accordance with his opinion, but not that the examination should be stayed.

The order denying the motion to bring in the receiver of the Railway Company as a party defendant is reversed, with $10 costs and disbursements, and the motion granted.

The order requiring plaintiffs to reply to the supplemental answer is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

The order vacating the order for the examination of the defendants before trial is reversed, with $10 costs and disbursements, and the order for examination reinstated and modified. Settle order on notice.

CLARKE, P. J., and DOWLING, J., concur.

SMITH, J. (concurring in part). The relief which the plaintiffs seek herein is to compel the individual defendants to restore to the defendant corporation upwards of $7,000,000 claimed to have been unlawfully diverted by them through their influence as directors of the defendant corporation, of which plaintiffs are stockholders. After the commencement of the action, in a suit prosecuted in the United States District Court for the Northern District of Illinois by the American Steel Foundries Company against the defendant corporation, a receiver was appointed of all of the assets, choses of action, and claims of whatsoever kind or nature belonging to said corporation, and by supplemental decree in that action the receiver, one Jacob M. Dickinson, was specifically vested with the claims and choses of action existing in favor of the corporation and against its present or former directors, or any of them, with authority and direction to prosecute such claims as he might be advised, and to intervene in any pending suits when it should be necessary or proper. Upon the 18th day of September, 1915, the said Dickinson was appointed ancillary receiver by the District Court for the Southern District of New York, with powers similar to those conferred by the decree in the Illinois court. After having qualified as such ancillary receiver, the said Dickinson brought suit against these individual defendants in the state of New York, asking the same relief which is here sought. Thereafter, upon permission of the said United States Court in the Southern District of New York, plaintiffs made application to make said receiver a party

defendant in this action. The defendants, having by supplemental answer set up the fact of the appointment of said receiver and his commencement of an action in this state for the same relief as is sought by the plaintiffs here, made a motion to compel the plaintiffs to reply, for the purpose of testing, if the facts alleged in the supplemental answer should be admitted, the effect thereof upon the status of the present action. The plaintiffs procured an ex parte order to examine the individual defendants before trial. The defendants thereupon made a motion to vacate such order. These three motions were argued together, and resulted in the denial of plaintiffs' motion to make the receiver a party defendant, in the granting of the defendants' motion to compel the plaintiffs to serve a reply to the supplemental answer, and in the granting of the defendants' motion to set aside the order to examine the defendants before trial. Plaintiffs are appealing.

The governing law of this case is found in the opinion of Justice Gray, in the case of Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815. In that opinion it is stated:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate, the possession of the receiver is the possession of the court, and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. [Cases cited.] It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as in its judgment may be most beneficial to those interested in the estate. * * *"

In that case the converse of the proposition here found was presented. There a receiver had been appointed by the state court, and it was sought to bring an action against the receiver in the United States court. This the United States court refused to allow, holding:

"The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it."

Within this rule of law, when the receiver was appointed by the United States court, that court took into its possession all of the assets of the corporation, including all its claims and the claims of the corporation against these individual defendants. That court clearly had authority to stay the plaintiffs' action and to institute an action through its receiver within the state or federal court, for the same relief. The receiver is not an independent actor. He is the arm of the court, always its representative. The commencement of the action against these defendants by the receiver was therefore the assumption by the United States court of this prosecution. That action, under the direction of that court, became the superior action, because it was instituted by a court with full power to determine that defendants' liability should be adjudicated therein. In the Matter of the Application of the Attorney-General v. Guardian Mutual Life Insurance Co., 77 N. Y. 272, it was held:

"The Supreme Court, having acquired jurisdiction of proceedings for winding up the affairs of the corporation, and having appointed a receiver, has jurisdiction to stay the suit of a creditor brought to recover assets to which the receiver is entitled, in whatever court such suit may be pending."

The opinion in part reads:

"The order which is the subject of this appeal is an order of the Supreme Court, made on the application of the receiver staying further proceedings in a suit commenced in the Court of Common Pleas of the City and County of New York, by William S. Carlisle and wife, who were the holders of paid-up policies in the Guardian Company, amounting to about $500, against that company, the Universal Life Insurance Company, and certain officers of those companies for substantially the same cause of action as in the suit subsequently commenced by the receiver. If the court below had power to grant the order staying and enjoining further proceedings in the Carlisle suit, and to do this upon motion and without a suit commenced for that purpose, this court cannot interfere or review the exercise of its discretion. We think the Supreme Court had jurisdiction to enjoin the further prosecution of the Carlisle suit. That suit was commenced before the receiver of the Guardian Company was appointed, and the relief asked was in part prevented from being obtained in that action by the appointment of a receiver upon the application of the Attorney General. The receiver, as the representative of all the creditors, was the proper person to prosecute the action to recover the assets of the Guardian Company, and he commenced an action for that purpose, with the sanction, as it must be presumed, of the court which appointed him. If the Carlisle suit was continued, and a recovery had therein, the receiver would have been entitled to receive the fruits of the judgment."

The facts in the present case do not present an exact parallel with the facts in the case cited, but the determinative principle is the same.

But the situation here presented is unusual. With full power in the United States court to stay this action it has not chosen so to do. It has granted permission to plaintiffs to have the receiver made a defendant herein. What the purpose of that court may be is not disclosed. That court could not by order make the receiver a defendant in an action in the state court. Such relief must be sought in the state court, where this motion was properly made. Only after the receiver be made a party herein can the United States court direct that the defendants' liability be herein determined. It may be, perchance, that if the receiver be made a party defendant herein the action commenced by the receiver will be discontinued or stayed, and the prosecution of the defendants continued in this action. This the United States court may do, and it will not be presumed that that court intends to subject the defendants to double prosecution for the same relief. A double prosecution is repugnant to the conscience of the court and to its sense of fair play. Even if permitted by the United States court, this court would not lend itself thereto. The rights of the defendants are within the court's protection, as well as those of the corporation or its representative. As this application has the approval of the United States court it should be granted in order that that court may be in a position to choose in which action these defendants shall be prosecuted. When granted, however, because the action by the receiver is of superior right, and to save the defendants from double prosecution, the proceedings in this action should be stayed until the

action commenced by the receiver be discontinued or the proceedings therein stayed by the United States court.

But defendants insist that this action has ipso facto abated as the result of the commencement of the action by the receiver. No authority is cited so holding, and I do not agree to the contention. That such is not deemed to follow, as viewed by the United States court, is indicated by the granting of its permission to make this motion. The general practice, after the commencement of the action by the receiver, is to make application to stay the stockholders' action—not to declare it abated. This practice is in itself a recognition by the court and the bar of the fact of the pendency of the stockholders' action, until stayed either by the United States court or the state court. The cause of action still exists. A new party has arisen with superior right to enforce that cause of action. The United States court might, as before indicated, for sufficient reason decide to abandon the receiver's action after its commencement, in which case the stockholders' action, though stayed, might be revived for the purpose of continuing the prosecution. This seems to me the more reasonable view, and one that will protect the rights of the corporation in any contingency. The defendants are without just complaint, if accorded in either action their right of complete defense, and if they be not harassed by the prosecution of two actions for the same relief.

It is not claimed here by any party that the proceedings in this action have been stayed by the United States court. That such a stay was not intended is shown by the order of that court permitting this application, and by the decision of that court in the Hidden Case, recited in plaintiffs' brief. American Steel Foundries v. C., R. I. & P. Ry. Co., Petition of Hidden et al., 231 Fed. ——, to modify order appointing ancillary receiver, opinion by Mayer, J., November 24, 1915.

I recommend, therefore, the reversal of the order denying plaintiffs' motion to make the receiver a party defendant, and the granting of the motion, and a stay of this action thereafter until the receiver's action be discontinued or stayed by the United States court.

The second appeal is from an order compelling the plaintiffs to reply to the new matter set up in the supplemental answer of the defendants, wherein are shown the appointment of the receiver and his commencement of a similar action against them. The purpose of this motion, as stated by counsel, is that if such matters shall be admitted, as they must be by a reply, it may be summarily decided by a motion upon the pleadings whether the appointment of a receiver and the bringing of an action by the receiver for the same relief ipso facto causes the abatement of this action. If I am right in the conclusion which I have reached in discussing the first appeal, the matters alleged in the answer do not constitute a legal defense to the plaintiffs' cause of action. The defendants will have the same right of summary review, if the reversal of the order compelling the plaintiffs to reply is put upon the legal ground that the matters alleged in the supplemental answer, to which a reply is sought, do not constitute a legal defense to the action, and the defendants are allowed to appeal from such order to the Court of Appeals.

This brings us to the third appeal—from the order setting aside an order for the examination of the defendants before trial. The order for examination before trial specifies no particular subject upon which an examination may be had. The examination of the defendants should be allowed to show any interest of the defendants in the Rock Island Railroad Company, or in the Chicago, Rock Island & Pacific Railroad Company, for whose benefit these moneys are alleged to have been diverted from the defendant corporation, and to show that said moneys were diverted in the interest of the said railroad companies, and not for the benefit or profit of the defendant company. Further, the defendant should be examined upon the value of the debenture bonds of the said railroad company, given to the defendant corporation as security for these moneys diverted. These are all matters of which the plaintiffs must make proof, in order to establish their cause of action. It is contended that specific f..cts are not alleged to show the necessity of such examination to plaintiffs. But the rule as to statement of specific facts will be relaxed where a fiduciary relation exists, and defendants have knowledge of their acts which the cestuis que trustent cannot have. A denial by a trustee of the allegations of the complaint cannot destroy plaintiffs' right to examine as to surrounding circumstances from which the facts sought to be proven may be inferred. I think the order vacating the order for defendants' examination before trial should be reversed and the motion denied. The proceedings for examination, however, should be modified as above stated, and thereafter stayed for like reason, as indicated in the discussion of the first appeal.

SCOTT, J. (dissenting). Although the three orders appealed from, and the appeals from which have been argued together, are not necessarily interdependent, they may without inconvenience be considered together.

The action is a representative one by certain stockholders of the Chicago, Rock Island & Pacific Railway Company, suing in the right of the corporation, to recover from the individual defendants, who are or were directors of said corporation, a large sum of money said to have been lost to the corporation in consequence of the fraud, maladministration, or misfeasance of said directors. The complaint, as a necessary allegation, without which no cause of action would have been stated, alleges that the plaintiffs have not made a demand on the board of directors of the company to bring an action for the relief desired, for the reason that the individual defendants constitute a majority of the board of directors of the defendant company and are in control thereof, and that the acts complained of were committed by them, or by a majority of them, and it would therefore be futile to make a demand upon them to bring suit against themselves.

Since the commencement of the action, one Jacob M. Dickinson has been appointed by the United States District Court for the Northern District of Illinois receiver of all the assets, choses in action, and claims of whatever kind or nature belonging to the corporation defendant, and specifically vested with the claims and choses in action

existing in favor of the corporation against its present or future directors, or any of them, with authority and discretion to prosecute such claims as he might be advised, and to intervene in any pending suits when it should be necessary or proper. On September 18, 1915, the said Dickinson was appointed by the United States District Court for the Southern District of New York ancillary receiver of the assets and choses in action of said corporation, with similar powers conferred on him, as receiver, by the decree of the federal court in Illinois.

After having duly qualified as such ancillary receiver, the said Dickinson, as such receiver, brought suit against these same individual defendants in the Supreme Court of this state, upon the same state of facts alleged by these plaintiffs in their complaint, and asking the same relief against said individual defendants. The defendants by supplementary answers have set up the appointment of said Dickinson as receiver and ancillary receiver as aforesaid, and the fact that he has brought the action above described and is now prosecuting it.

In this condition of affairs, the plaintiffs move that the said Dickinson, as ancillary receiver as aforesaid, be brought into this action as an additional party defendant, and the individual defendants move that plaintiffs be required to reply to the new matter set up in the supplementary answers. The plaintiffs' motion was denied, and the defendants' motion granted at Special Term, and both orders are brought up on appeal.

As to the order requiring plaintiffs to reply to the new matter set up by the supplemental answers, it seems to me to be entirely clear that the order was right and should be affirmed. The avowed and obvious purpose of defendants in seeking a reply is that they may test, by an appropriate motion upon the pleadings, the effect of the appointment of the receiver and the commencement of an action by him upon the plaintiffs' right to further prosecute the present action. They realize, or profess to do so, that the receiver's right to sue is superior to the derivative right of plaintiffs, and that the pendency of plaintiffs' action could not be interposed as a bar to the receiver's action, and they seek an opportunity to insist, upon pleadings properly framed to exhibit the facts, that they should not be subjected to double prosecution upon the same cause of action.

It was conceded on all hands on the argument, and there is no question about it, that the receiver has been appointed and has brought suit, so that, if a reply is ordered, it must admit the allegations of the supplemental answers, and thus so shape the pleadings as to state the real facts. As the pleadings stand now, without a reply, the new matter alleged in the supplemental answers, although unquestionably true, is "deemed controverted by the adverse party, by traverse or avoidance, as the case requires." Code Civ. Proc. § 522. As matters stand now, therefore, the defendants cannot test, by a motion upon the pleadings, the sufficiency of a defense of the new matters pleaded by the supplemental answers. The tendency of the courts and of the Legislature at present is to facilitate the determination of questions which lie at the basis of actions at law or in equity. To this end the Legisla-

ture has provided for motions for judgment on the pleadings at any stage of a case after issue joined, and the courts have shown constantly increasing liberality in permitting parties to actions to frame the pleadings so as to present the real issues involved, and to avoid unnecessary delay or surprise at the trial.

In pursuance of this general modern policy, it has been customary to grant very freely orders requiring the service of a reply to new matter set up in the answer by way of defense or avoidance, and it is settled, at least in this court, that the granting of an order for a reply does not imply a holding that the new matter does, as matter of law, if not avoided, constitute a good defense or avoidance (Humboldt Exploration Co. v. Fritsch, 150 App. Div. 90, 134 N. Y. Supp. 747); nor, by the same reasoning, does the denial of such a motion necessarily imply that the court held the new matters to be insufficient. The reason for ordering a reply is not to pass upon the sufficiency of the matter to which a reply is desired, but to put the pleadings in such a shape that the real issues shall be clearly and sharply defined. Of course, if the new matter is frivolous, or so clearly insufficient as a defense or avoidance that there is no room for question, it would be idle to order a reply, although even in that case it is seldom that harm can result from such an order.

I do not consider that the new matter set up by the supplemental answers is so obviously frivolous or insufficient as to justify a refusal to order it to be replied to. It is a sufficient defense to an action that there is another action pending between the same parties for the same cause (Code Civ. Proc. § 488, subd. 4), and when the fact does not appear on the face of the complaint the objection may be taken by answer (Code Civ. Proc. § 498). That the two causes of action, to wit, that by plaintiff and that by the receiver, are identical, is clear, and I think that in legal contemplation they are between the same parties. Neither as individuals nor as stockholders have the plaintiffs any personal right of action upon the facts stated in the complaint. The cause of action belongs to the corporation, and the plaintiffs are allowed to prosecute it solely in the right of the corporation, and although the suit is entitled in the plaintiffs' names, the cause of action still remains, not theirs, but the corporation's, and in contemplation of law is prosecuted by the corporation for its benefit alone. So also the action by the receiver is not based upon any personal right in him, but is brought in the right of the corporation and for its benefit. So we have presented the very thing which the law condemns; that is, the simultaneous prosecution in the same court of two actions prosecuted in the same right and for the benefit of the same corporation, against the same defendants, upon the same cause of action. It is intolerable that a defendant should be required to defend two such actions at the same time.

It still remains, however, to consider which action should be halted by the other. The general rule undoubtedly is that, where two actions are brought to enforce the same right, the defense that another action is pending is available only in the second action. That rule, however, as I take it, is merely a rule of convenience, which must yield where a

question of superior and inferior right is presented. The very basis of the present action is the anticipated and presumed refusal of the directors of the defendant corporation to sue in its name and behalf. The moment that the presumption of such a refusal is disproved, the plaintiffs' right to prosecute the action fails. The presumption which, as the complaint alleges, existed when the action was commenced, has now disappeared, because the receiver has sued, directly and not derivatively, in the right of the corporation. The reason for entertaining a suit by stockholders in the right of the corporation has ceased to exist, for the corporation itself, in the name of its receiver, has undertaken to do that which, as plaintiff alleges, the corporation itself should have done before the receiver was appointed. The federal court has taken possession of all the assets of the defendant corporation, and has assumed the reduction into possession of its choses in action, including the claims sought to be enforced in this action. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815. As is justly remarked by my Brother SMITH:

"The commencement of the action against these defendants by the receiver was therefore the assumption by the United States court of this prosecution. That action under the direction of that court became the superior action, because it was instituted by a court with full power to determine that defendants' liability should be adjudicated therein."

If the receiver's action, although commenced after the present case, became the superior action, and, if the two actions should not both be prosecuted simultaneously, it can scarcely be said that a defense to the present action setting up the pendency of the receiver's action is frivolous, or tenders no issue which plaintiffs should be called upon to meet. If it be not frivolous, but tenders an issue which may be reasonably termed debatable, it would be a departure from the established practice to refuse to order a reply, to the end that an issue may be framed which can be passed upon on the pleadings.

For somewhat similar reasons I think that the motion to make the receiver a party *defendant* was rightly denied. If the application was to make him a party *plaintiff*, or to substitute him in place of the present plaintiffs, a different question would be presented. But that is not what the plaintiffs ask or desire. No relief could be awarded to the receiver in this action, which he cannot equally well obtain in the action which he has himself commenced. The order granted by the United States District Court, permitting an application to be made to bring in the receiver as a party defendant in this action, appears to have been made without notice to those defendants, and was, as to them, ex parte. I do not understand that it can be taken as an expression of the desire of the federal court that the receiver should be made a party. If there be such a desire, that court, by its receiver, would make the motion. The order referred to, as I understand it, amounted to nothing more than an extension of immunity from a charge of contempt, if plaintiffs should make the present motion, which, if granted and acted upon, would be equivalent to bringing suit against the receiver. I cannot share the apprehension, suggested, if not clearly expressed, that the rights of the corporation are not likely to be so vigorously prosecuted

by the receiver as by these plaintiffs. To entertain that suggestion is to reflect, not only upon the receiver himself, but upon the court which appointed him, and without the consent of which he certainly could not discontinue or compromise the action he has brought. I think, therefore, that the motion to make the receiver a party defendant was rightly denied.

As to the order for the examination of the defendants, if granted at all, it should be made much less broad than plaintiffs ask. Most of the allegations of the complaint are admitted, or not denied. As to these no proof will be required at the trial, and therefore no examination before trial is necessary. As to the matters not so admitted, the examination should in my opinion await the determination of the issues to be raised by the reply, if it is ordered to be served.

In my opinion, therefore, each of the motions appealed from should be affirmed, with leave to renew the motion for examination after service of the reply.

(93 Misc. Rep. 289)

### In re PUBLIC PLAYGROUND IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. January, 1916.)

1. MUNICIPAL CORPORATIONS ⊚⇒497—CONDEMNATION PROCEEDINGS—ASSESSMENT—COMMISSIONERS' REPORT.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. ⊚⇒497.]

2. MUNICIPAL CORPORATIONS ⊚⇒497—CONDEMNATION PROCEEDINGS—REPORT—ADEQUACY OF AWARDS—EVIDENCE.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. ⊚⇒497.]

3. MUNICIPAL CORPORATIONS ⊚⇒425(2)—CONDEMNATION PROCEEDINGS—ASSESSMENT OF BENEFITS—RAILROAD PROPERTY—PUBLIC USE.

   An objection in such case that land belonging to railroad companies should not be assessed, for the reason that it was devoted to a public use, was not well taken, where it appeared that the land was used for a car barn and storage yard, especially where the commissioner of estimate made a reduction of 25 per cent. on his original assessment by reason of the uses being made of the land.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1032; Dec. Dig. ⊚⇒425(2).]

4. MUNICIPAL CORPORATIONS ⊚⇒472—CONDEMNATION PROCEEDINGS—ASSESSMENT OF BENEFITS—SELECTION OF FLAT RATE—DISCRETION.

   