John W. Eckman, Suing Individually and as Representing All Other Stockholders of the Vinculo Sugar Cane Company, Similarly Situated, and Who May Desire to Come in as Parties Plaintiff Herein, Appellant, *v.* Charles Lindbeck and Others, Respondents.

Fourth Department, May 23, 1917.

**Deposition — representative action to compel directors to account — examination of defendants before trial.**

Plaintiff, a stockholder, who brings a representative action against his corporation and its directors under sections 90 and 308 of the General Corporation Law to compel the directors to account for moneys alleged to have been diverted by them from the corporation, by making improvident contracts with subsidiary corporations whereby the plaintiff was deprived of his share of dividends which should have been declared, is entitled to examine the defendants before trial to elicit proof of facts material to his cause of action which are controverted by the defendants and of which they have knowledge. And this is so, although the plaintiff might make the same proof by other witnesses.

In other words, the plaintiff need not show, in order to be entitled to such examination, that the evidence is absolutely necessary.

Order for examination of defendants modified.

Appeal by the plaintiff, John W. Eckman, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Chautauqua on the 9th day of April, 1917, limiting an order previously obtained by him for the examination of the individual defendants before trial.

*Allen E. Bargar* and *John S. Leonard,* for the appellant.

*J. Delevan Curtiss,* for the respondents.

De Angelis, J.:

The action is claimed to be a representative action brought by a stockholder against a corporation and its directors under sections 90 and 308 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28) to compel the directors to account for moneys diverted by them from the corporation.

The Vinculo Realty Company is a foreign corporation, organized under the laws of the State of Delaware, and owns a large tract of land in the island of Cuba.

The Vinculo Sugar Cane Company, the defendant corporation, is also a foreign corporation, organized under the laws of the State of Delaware, and keeps and maintains an office for the transaction of business in the city of Jamestown in the State of New York.

The defendants, all of whom (except the defendant Alonzo J. Thompson, residing in the State of Pennsylvania) reside in the city of Jamestown, and one Harry W. Davis, who resides in the State of Delaware, are stockholders in, and directors of, the Vinculo Sugar Cane Company. Such persons have been the directors of such corporation since its organization.

The plaintiff is a resident of the city of Jamestown. He alleges that he is a stockholder in the defendant corporation, which is denied by the defendants.

The plaintiff and the defendants, except the defendant corporation, are stockholders in, and directors of, the Vinculo Realty Company.

The Vinculo Sugar Cane Company was organized for the purpose of producing sugar cane in the island of Cuba and leased from the Vinculo Realty Company a tract of land containing 5,000 acres in Cuba for that purpose.

This land so leased needed clearing and preparing for planting the sugar cane and the defendant corporation entered into a contract with the plaintiff whereby the plaintiff undertook to clear the leased land, prepare the same for planting and plant the same with sugar cane, in which contract, among other things, it was provided in behalf of the stockholders of the defendant corporation that the sale of the shares of the corporation should be limited to one share for each acre of the leased land so improved.

In the operations of the defendant corporation it became necessary to arrange for the transportation of the sugar cane to market and such directors of the defendant corporation individually devised a plan for such transportation. They constituted one of their members a trustee to act for them and they raised the money and placed the same in his hands to construct a private railway about three miles in length, and in his name for them procured from the Vinculo Realty Company the right to construct the railway. The money was

raised and the railway constructed, which is called "The Vinculo and Limones Railway." Such trustee, acting for such individuals, made a contract with the defendant corporation for the transportation of the sugar cane produced by the latter over the railway at sixty cents per ton.

It appears that approximately eighty-five per cent of the capital stock of the defendant corporation and approximately seventy per cent of the capital stock of the Vinculo Realty Company are owned and controlled by the individual defendants.

The plaintiff claims that the price agreed upon for such transportation of the sugar cane is exorbitant and large sums of the money of the defendant corporation have been paid out for such transportation; that the directors of the defendant corporation have expended large sums of money unnecessarily in the erection of buildings on the property leased; and that such directors sold a large amount of the stock of the defendant corporation in violation of such agreement made with the plaintiff. Plaintiff claims by this expenditure of such exorbitant sums for the carriage of the sugar cane over such railway, by the unauthorized sale of the stock of the defendant corporation and by the unauthorized expenditure of moneys of the defendant corporation for such unnecessary buildings and improvements, the moneys which should have been paid to the plaintiff and the other stockholders in dividends have been reduced wrongfully and in violation of the rights of the plaintiff and the other stockholders and asks that the defendants account for the moneys so diverted from the defendant corporation.

The defendants have interposed an answer admitting their relationship to such corporations, but denying the illegal acts.

After issue joined, upon the pleadings and affidavits the plaintiff obtained an order for the examination of the individual defendants before trial. These defendants upon affidavits made in their behalf, applied to the Erie Special Term to vacate such order. Upon such application further affidavits were read in favor of the parties and the order was granted which is under review and which limited the examination of the defendants to the question whether or not the plaintiff was a stockholder of the defendant corporation. This order also contained the following provision: " without

prejudice to the right of the plaintiff to make further application for the examination named in the said order, as bearing upon the question of accounting and the other allegations of the complaint after interlocutory judgment establishing and adjudging that the plaintiff is a stockholder of the defendant corporation."

The plaintiff shows sufficient reasons to justify the omission of the plaintiff to demand that the defendant corporation should bring the action. (*Sage* v. *Culver*, 147 N. Y. 241; *Jacobson* v. *Brooklyn Lumber Co.*, 184 id. 152, 161; *Seagrist* v. *Reid*, 171 App. Div. 755; *Anderton* v. *Wolf*, 41 Hun, 571.)

The application for the order for examination was made under section 870 of the Code of Civil Procedure and rule 82 of the General Rules of Practice.

The plaintiff has a right to examine the defendants to elicit proof of any fact material to the plaintiff's alleged cause of action controverted by the defendants, of which the defendants have any knowledge, and this is so whether the plaintiff might make the same proof by some other witness or witnesses or not. The rule is not and never has been that the plaintiff must show in order to get the benefit of such an examination that the evidence is absolutely necessary, because some of the reasons for such manner of proving the plaintiff's case are the saving of the time which would otherwise be consumed in the trial courts and the convenience resulting to the plaintiff and to those who might otherwise have to be called as witnesses.

The provision in the order appealed from indicating that an interlocutory judgment could be predicated upon the establishment of the fact that the plaintiff is a stockholder of the corporation, is based upon an erroneous view of the law. Such fact would not authorize such a judgment.

Most of the authorities cited by the respondents involve actions for accountings between partners where the basis for the accounting is the establishment of the partnership relation which may be the subject of an interlocutory judgment. The case of *Stokes* v. *Stokes* (91 Hun, 605), however, cited by the respondents, was a stockholders' action similar to this, in other words, an action " to compel the defendant officers to account for official misconduct." There the court held

that such was not an action for an accounting, and, therefore, could not be compulsorily referred. There may be an interlocutory judgment in such a case providing for an accounting before a referee, as there may be in many equity cases, but the basis for the interlocutory judgment must be the establishment of the official misconduct of the directors of the corporation.

It is entirely clear that the original order for the examination of the defendants herein was too general and should have been limited to certain particular subjects. (*Seagrist* v. *Reid, supra.*) But we think the order of the Special Term was made under a misapprehension and so limited the scope of the proposed examination as practically to make the same of no value.

We think the examination of the defendants should be confined to the matter of the amount paid for the transportation of the sugar cane, to the matter of the expenditures by the defendant corporation for the buildings and improvements on the leased property and to the amount of stock sold by the defendant corporation since relations were broken off between the company and the plaintiff.

The order providing for the modifications thus indicated may be settled on two days' notice.

All concurred; LAMBERT, J., not sitting.

Order modified in accordance with the opinion, and as so modified affirmed, without costs of this appeal to either party. Order to be settled before DE ANGELIS, J., on two days' notice.