## SUPREME COURT.

THE GROCERS' NATIONAL BANK of the city of New York agt.
GEORGE A. CLARK.

An action to recover damages for the fraudulent misapplication or conversion of
property by an *officer or agent of a banking association*, is *assignable*; and the
officer or agent may be *arrested and held to bail* at the suit of the assignee.
The attribute of *assignability* is not confined to rights of action belonging to nat-
ural persons; it extends with equal effect to those belonging to *artificial per-
sons*.

*New York General Term, January*, 1866.
*Before* INGRAHAM, CLERKE *and* BARNARD, *Justices*.
THIS action is brought, as appears by the affidavit, to
obtain the arrest. (and the order of arrest), on a claim for
"property embezzled or fraudulently misapplied," "by an
officer of a banking association," pursuant to subdivision
2, of section 179, of the Code.

GEORGE W. PARSONS, *for defendant*.

*First.* If this arrest can be sustained, it must be on purely
technical grounds. There are no equitable or just consider-
ations to sustain it.

What are the facts? A young officer in a bank, acting in
pursuance with the general confidential dealings between
the senior officers and a customer of high standing, trusts
the dealer in an irregular way. It appears that in some
instances the cashier and others in the bank knew of the
transactions, and assented to them.

Grant that this does not lessen the offense against the
stockholders, it destroys any theory of criminal intent on
the part of defendant.

Again, admit for the argument, that the offense was willful
and corrupt, the parties in interest, responsible for the
affairs of the bank, have allowed the claim to grow stale.
It is over eight years old. They obtain an indictment for
an alleged high crime, and hold this young man under its

ban for seven or eight years, until even the officers of jus-
tice, as well as the officers of the bank say, enough, the pun-
ishment has equalled the offense ; they condoné it ; they
invite the offender to resume his family associations and
avocations, and assure him he will be no further molested.
The stocholders interested in the loss sustained by the bank,
cease to exist.

If a man be inveigled into an exposure to arrest, the court
will intervene and discharge.   Are there not equitable rea-
sons in this case which make it more obligatory upon the
court to dismiss this prosecution ?

*Second.* The bank allowed the claim against the principal
debtor to be barred by the statute of limitations ; they did
more ; they discharged that debtor ; they cancelled his obli-
gations, viz : the certified checks.   Can they now hold the
defendant, who did not profit by the transaction, and was a
mere surety ?

*Third.* It cannot be contended that the Grocers' National
Bank, plaintiffs herein, are in any sense the same institution
as the original Grocers' Bank.

1. The original bank became extinct when it went into the
hands of a receiver.

2. When it was revived, or the charter was restored, it
was another institution of the same name.   It was re-crea-
ted with different capital, and a new set of stockholders.

3. But it disposes of this point to say that the Grocers'
Bank was a state institution ; a creature of state law ; while
the Grocers' National Bank is a corporation created under
a law of congress.

*a.* It does not help to answer this to say that the trans-
formation is made by the consent of the state, for it merely
permits the state institution to cease to exist, and it is by
the law of congress that the bank obtains its first existence.

*b.* Either the Grocers' Bank own this claim, and can sue
by virtue of the power contained in the enabling act of
1865, or it has been transferred to the plaintiffs.

*Fourth.* This transfer being assumed, we say that this

action is based upon a tort (*Union Bank* agt. *Mott*, 27 *N. Y. R.* 633).

This action could not be sustained but for the allegation of a crime. It is not claimed that the offense was committed against the plaintiffs' bank, but against the original Grocers' Bank.

*Fifth.* Then plaintiffs can claim a standing in the case only as assignees of the demand.

1. But it has been held that such torts could not be assigned. (*Lamphere* agt. *Hall*, 26 *How.* 509; *Hyslop* agt. *Randall*, 4 *Duer*, 660; *Zabriskie* agt. *Smith*, 3 *Kern.* 322; *McMahon* agt. *Allen*, 12 *Abb.* 275, General Term, First District; *Borst* agt. *Baldwin*, 30 *Barb.* 180; *Hall* agt. *Robinson*, 2 *Comst.* 293; *Gardner* agt. *Adams*, 12 *Wend.* 297.)

2. In any case which seems to hold a contrary doctrine, it has been upon the ground of relation of the trespass or tort to property, so that the tort could not be separated from the injury to property. (*McKee* agt. *Judd*, 2 *Kern.* 622; *Gillett* agt. *Fairchild*, 4 *Den.* 80; *North* agt. *Turner*, 9 *Serg. & Rawle*, 244.)

3. Here the very essence as well as substance of the action is the alleged tort.

4. The action is to recover for money alleged to have been embezzled or fraudulently misapplied, or for alleged misconduct in office, under subdivision 2, of section 179.

*Sixth.* If it be urged that it is competent to waive the tort and sue on an implied promise or contract, the answer is,—

1. If the tort be waived, then the right to arrest must be abandoned; but

2. It does not appear that either bank ever did waive the tort. The action appears to be brought for the tort.

3. In either view the arrest must fail.

*Seventh.* It is plain that this claim is barred by the statute of limitations.

1. The defendant as matter of law, never lost his residence in this state until he removed to Arkansas, where he resided but two years. The statute says : " If after such cause of

action shall have accrued, such person shall depart from, and *reside* out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action " (*Code*, § 100).

2. This statute is construed as we insist it should be, in *Cole* agt. *Jessup* (10 *N. Y.* 103). Defendant's return was public, and he could have been sued. It is not necessary to show that plaintiffs knew of it. (*See last case.*)

WILLIAM A. COURSEN, *for plaintiff*.

*By the court*, CLERKE, J. The only question, among those presented on this motion, of which I entertained any doubt on the argument, is that relating to the assignability of the demand.

This is nothing more or less than an action to recover damages for the fraudulent misapplication or conversion of property by an officer or agent of a banking association. If the property of an individual was thus misapplied or converted, there would be no doubt that the right to recover damages against the wrong-doer would survive to his executors or administrators (3 *R. S.* 746, § 1, *5th ed.*) ; it would be *assets* in their hands. If he had assigned it, the claim would be recoverable by his assignee. In other words, it is assignable. Why then should not the same kind of wrong be equally assignable, and be equally deemed assets, when committed against a banking association ? The attribute of assignability is not confined to rights of action belonging to natural persons; it extends with equal effect to those belonging to artificial persons.

The right of action, then, in this case, passed as *assets* to the plaintiffs, from the Grocers' Bank to the Grocers' National Bank, by operation of the act of 1865 (*Laws of 1865, p.* 171, § 6).

The order should be affirmed, but I think the ends of justice will be sufficiently answered by holding defendant to bail in $20,000, &c.