ROBERT HOLMES, Individually and as Trustee, and Others, Respondents, *v.* HUGH N. CAMP, JR., Individually and as Sole Surviving Executor of and Trustee under the Last Will and Testament of HUGH N. CAMP, Deceased, and Others, Defendants, Impleaded with EDWARD C. SMITH, Appellant.

First Department, March 7, 1919.

Corporations — representative action by stockholders — action against directors of foreign subsidiary corporation, for procuring fraudulent transfers of stock to themselves of a domestic holding company, then held by foreign corporation — effect of subsequent dissolution of subsidiary corporation and appointment of statutory trustees — action not abated — right to make said trustees parties defendant and to issue and serve supplemental summons and complaint.

In a representative action brought by stockholders in behalf of a subsidiary corporation organized in a foreign State and indirectly for the benefit of a holding company organized in this State, to compel the officers and directors of the subsidiary corporation to account for certain shares of stock of the holding company equitably owned by the subsidiary corporation, and the profits derived therefrom, which stock it is alleged they sold to themselves, the dissolution of the subsidiary corporation pursuant to the statutes of the foreign State under which its officers and directors became trustees, is not a sufficient ground for abating the action or even halting it until the problematic action is taken by said trustees of either instituting a new action or petitioning to be substituted as plaintiffs to continue the pending action in their name, especially where (1) the trustees are the same persons who were directors at the time of dissolution, the corporation having up to that time refused to institute an action; (2) where the Statute of Limitations may have intervened as a defense to any such new action; (3) where the trustees may have made no objection to being made parties to the action; (4) where it has been held that the action is maintainable by the plaintiffs as stockholders of the holding company indirectly for the benefit of the holding company which has not been dissolved, and (5) where the only party objecting is one into whose hands have been traced the proceeds of an alleged fraud perpetrated upon the plaintiffs.

Under such circumstances an order making the statutory trustees of the subsidiary corporation parties defendant and granting to plaintiffs leave to issue and to serve a supplemental summons and complaint should be affirmed.

APPEAL by the defendant, Edward C. Smith, from an order of the Supreme Court, made at the New York Special Term

First Department, March, 1919. [Vol. 186.

and entered in the office of the clerk of the county of New York on the 22d day of April, 1918, resettling a prior order granting plaintiffs' motion to make Clinton H. Crane, as president, and Edwards Whitaker and others, as statutory trustees of defendant Doe Run Lead Company, parties defendant, and granting to plaintiffs leave to issue and to serve a supplemental summons and complaint upon these persons.

An appeal is also taken from the original order before it was resettled.

*Abram I. Elkus* of counsel [*Carlisle J. Gleason* and *Wesley S. Sawyer* with him on the brief; *Elkus, Gleason & Proskauer,* attorneys], for the appellant.

*Louis B. Grant* of counsel [*Samuel F. Moran* with him on the brief; *Ingraham, Sheehan & Moran,* attorneys], for the respondents.

SHEARN, J.:

This case presents a somewhat troublesome question. The action is a representative one brought by stockholders in behalf of the Doe Run Lead Company to compel the defendants to account for certain shares of St. Joseph Lead Company stock and the profits derived therefrom by way of stock and cash dividends and the proceeds of any such shares and the accretions thereto which may have been sold. The substance of the allegations is that the officers and directors of the Doe Run Lead Company sold 18,679 shares of the capital stock of the St. Joseph Lead Company which were equitably owned by the Doe Run Lead Company to themselves and others including the defendant, appellant, Smith; and that they paid the Doe Run Lead Company less than the reasonable or market value of the stock. Smith was not a director of the Doe Run Lead Company, but it is alleged that he actively conspired with the directors to defraud the Doe Run Lead Company of the profits of said sale and that the acts in consummation of the fraud were participated in by Smith who thereby acquired a part of the profits that equitably belonged to the Doe Run Lead Company. The sufficiency of the complaint has been sustained by the Court of Appeals. (219 N. Y. 359.) The sales complained of occurred in 1902

and the action was begun in February, 1916, over thirteen years later. The Doe Run Lead Company was organized under the laws of the State of Missouri. Plaintiffs were stockholders in that company until December, 1913, when they exchanged their stock for shares in the St. Joseph Lead Company. The plaintiff Robert Holmes, however, still owns some stock in the Doe Run Lead Company. The St. Joseph Lead Company was at the commencement of this action the owner of ninety-seven per cent of the capital stock of the Doe Run Lead Company and is a corporation organized and existing under the laws of the State of New York. The testators of the defendants sued as executors were directors of both corporations at the time of the acts complained of. The defendant Setz was a director and officer of both corporations. While the corporate entities were maintained, nevertheless the New York corporation controlled the Missouri corporation. There were two ways in which an action might be set in motion by the plaintiffs to get the Doe Run Lead Company to institute an action to recover the property of which it had been despoiled. One was by the plaintiffs as stockholders of the St. Joseph Lead Company to procure its directors, representing ninety-seven per cent of the stock of the Doe Run Lead Company, to cause the directors of the controlled company to have the Doe Run Lead Company institute such an action; the other was for the plaintiff Holmes as a stockholder of the Doe Run Lead Company to procure the directors of the Doe Run Lead Company to cause the corporation to institute such an action. Demands were made upon the directors of both corporations looking to such a result, but the demands were refused and the complaint shows that both corporations were controlled by directors who were parties to or interested in the alleged frauds complained of or in their fruits. Thereupon this action was begun on February 21, 1916. Thereafter and on June 11, 1917, the Doe Run Lead Company was dissolved pursuant to the statutes of Missouri, which provide, among other things, that " Upon the dissolution * * * the president and directors or managers of the affairs of said corporation at the time of its dissolution * * * shall be trustees of such corporation, with full powers to settle the affairs, collect the

outstanding debts and divide the moneys and other property among the stockholders, after paying the debts," etc.    (See Revised Statutes Missouri ' 1909, § 2995 *et seq.*)    Thereupon motion was made for leave to serve a supplemental summons and complaint, making the said trustees in dissolution parties defendant.    Notice of the motion was given to one of the trustees who made no opposition to the motion. It was opposed by the appellant Smith, who appeals from the order granting the motion.

The cause of action vested in the Doe Run Lead Company when it was instituted, and the proceeds belonged to it.    By virtue of the dissolution the cause of action vested in the trustees.    It is contended that after dissolution the action could not be prosecuted by the plaintiffs as stockholders and representatives of a defunct corporation, but could only be prosecuted by the trustees, and that there is no authority for making the trustees parties defendant when to do so amounts in effect to allowing the plaintiff to prosecute in behalf of the trustees a cause of action vested in the trustees.

The appellant's learned counsel cites many cases dealing with the right to sue after dissolution upon a cause of action existing against a corporation prior to dissolution, but such cases do not seem to me to touch this case, which is not directed against a corporation but is brought in its favor.

Neither does the case of *Seagrist* v. *Reid* (171 App. Div. 755) support the respondents.    That case dealt with the appointment of mere chancery receivers, in whom the title to the corporation's property did not vest.    But for the peculiar facts of the present case, hereinafter summarized, the *Seagrist* case would tend to support the appellant.

It is necessary, however, to consider the decision of this court in *Howe* v. *N. Y., N. H. & H. R. R. Co.* (142 App. Div. 451). The plaintiff was a stockholder in a railroad which we will call the Air Line.    The defendant, a Connecticut corporation, leased of the Air Line its railroad and equipment, depreciated the value of the property, acquired a majority of the stock of the Air Line, elected its entire board of directors and caused a sale of all its property to be made to itself at an inadequate price, in fraud of the rights of the stockholders of the Air Line, and then caused the Air Line to be merged into the

defendant. The action was a representative one praying for an accounting. In sustaining a demurrer, this court said: " But for the fact that the Boston and New York Air Line Railroad Company has ceased to exist, the plaintiff might possibly maintain an action in this State to compel a restoration of its property and franchises, if the court could get jurisdiction of the necessary parties. But the corporation has ceased to exist. The devolution of its property rights upon the death of a corporation must be governed by the laws of the State of its creation. The courts of this State should not undertake to administer foreign assets of a dead foreign corporation any more than it would do the like in the case of a natural person." That case would seem to be strongly against the respondents but for the fact that, in that case, the corporation had ceased to exist before the cause of action accrued and before the action was begun. The question is, therefore, presented as to whether or not, under the peculiar circumstances of this case, the action may be prosecuted to judgment after dissolution, but where the dissolution occurred after the action was begun. An effort should be made to uphold the right of action if it can be legally done, for, otherwise, a means altogether too handy is presented and sanctioned for destroying the rights of minority stockholders. If the statutory trustees in dissolution were, like permanent receivers in dissolution, officers of the court, reliance might be had that the court would compel them to do their duty and continue the suit. But they are not officers of the court. They are mere statutory liquidators. (*Relfe* v. *Rundle*, 103 U. S. 222, 225; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183, 194.)

It cannot be said in any true sense that the cause of action to recover for the corporation its property abates upon the death or dissolution of the corporation. It simply devolves upon and becomes vested in its trustees in dissolution. After all, the stockholders of a corporation are *pro tanto* the equitable owners of the property of the corporation. It is for them and the creditors that the right to maintain these representative actions has been created. Going so far as to hold that a stockholder in a holding company may in some circumstances maintain a representative action for the benefit of the subsidiary company, and thus indirectly for the advan-

tage of the holding company, Mr. Justice Scott said in a previous appeal in this case (180 App. Div. 412): " Such actions are, as they are commonly designated, purely representative, the plaintiff being permitted to maintain the action, notwithstanding his lack of direct interest, solely to set the machinery of justice in motion, and to prevent what would otherwise be a complete failure of justice. (3 Pom. Eq. Juris. [3d ed.] 2123.) This form of action is an invention of equity, and stockholders are allowed to resort to it, notwithstanding a lack of direct interest in the relief sought because, as it has been said, ' the claims of justice would be found superior to any difficulties arising out of technical rules respecting the mode in which corporations are required to sue.' (*Foss* v. *Harbottle*, 2 Hare, 461, 492.) The part which a stockholder plays in such an action is merely that of an instigator. The cause of action is that of the corporation, and the recovery must run in its favor. Under these circumstances it is not easy to see why a stockholder in a holding company may not maintain such an action for the benefit of the subsidiary company, and thus indirectly for the advantage of the holding company."

The form of action being an invention of equity, the role of the stockholder being merely that of an instigator of the action, and the recovery inuring ultimately to the benefit of stockholders and creditors, it seems to me that, where the action has been properly set in motion not only in behalf of a then existing subsidiary corporation, but indirectly for the benefit of the holding company, which has not been dissolved, the mere appointment of statutory trustees in dissolution should not be held to be a sufficient ground for abating the action, or even halting it until the problematic action is taken by the trustees of either instituting a new action or petitioning to be substituted as plaintiffs to continue the pending action in their name — particularly in such a case as this where (1) the trustees are the same persons who were directors at the time of dissolution, the corporation having up to that time refused to institute an action; (2) where the Statute of Limitations may have intervened as a defense to any such new action; (3) where the trustees may have made no objection to being made parties to the action;

(4) where it has been held that the action is maintainable by the plaintiffs as stockholders of the holding company indirectly for the benefit of the holding company, which has not been dissolved, and (5) where the only party objecting is one into whose hands have been traced the proceeds of an alleged fraud perpetrated upon the plaintiffs.

I am, therefore, of the opinion that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred.

PAGE, J.:

The defendant Smith was the only one to appear and oppose the motion although all the defendants and one of the statutory trustees of the Doe Run Lead Company were served with notice thereof. I cannot see how the defendant Smith is aggrieved by the bringing in of these statutory trustees as parties defendant. (See *Holmes* v. *Camp*, 219 N. Y. 359, 373.) The questions discussed by my brother SHEARN might have been raised by the statutory trustees, if they had been so advised, but until the questions are raised in a manner properly to bring them before the court, I do not think they should be considered. In an equity action the plaintiff is generally allowed to bring in as many defendants as he deems necessary to full and adequate relief, and where a party defendant has died, or a corporation defendant has been dissolved, pending the suit, it is proper for the court by a supplemental summons and complaint to bring in the personal representatives, receivers, trustees or whatever person represents, or is vested with the property, of such defendant. When these representatives have been served, they can then, if they are so advised, by proper pleading, assert whatever claims or defenses they may have.

For these reasons I concur in the result only of Mr. Justice SHEARN's opinion.

Order affirmed, with ten dollars costs and disbursements.