MATTHEW G. BAILEY, Plaintiff, v. COLLEEN PRODUCTS CORPORA-
TION and GEORGE W. BARNETT, Defendants.

Supreme Court, St. Lawrence County, February, 1923.

Equity — agreement between promoters of corporation as to issuance
of capital stock to themselves — failure to carry out agreement and
to issue stock to plaintiff — pleading — when complaint will not be
dismissed.

The remedy prescribed by a statute creating a new and specific right is exclusive
of others, at least unless a contrary intention clearly appears.

Sections 90, 91 and 91-a of the General Corporation Law do not create any new
causes of action except as to the removal or suspension of directors.   The rights
and remedies conferred are cumulative but not exclusive rights.

The plaintiff alleged that he and B., the individual defendant, were the promoters
of the defendant corporation for the manufacture of milk products; that each
was to contribute certain moneys and the individual defendant, in addition, cer-
tain real property of which he was the owner, and that stock was to be issued to
them for their contributions; that the corporation was formed, B. becoming its
secretary and treasurer; that plaintiff paid into the corporation $9,160.68, relying
upon the agreement of B. that plaintiff should have stock therefor; that no stock
had been issued to him, though he had repeatedly demanded that this be done;
that B. has managed the corporation, received all the moneys derived from its
business, has retained in his own name the title to the real estate which he agreed
to contribute and is conducting the business of the corporation for his personal
benefit and profit.   It was further alleged that though the corporation has done
a large and remunerative business it is in debt and insolvent; that if B. were
required to account, the stock which plaintiff was to have would be of substan-
tial value, the indebtedness of the corporation paid and a balance left in the
treasury.   Held, that whether the corporation by accepting plaintiff's money had
ratified and adopted the agreement between him and B. regarding the issue of
stock to plaintiff was a proper question for determination at the trial, and a
motion to dismiss the complaint will be denied, though it did not allege a demand
upon the corporation to bring the action and did not ask for the removal or sus-
pension of the directors.

All questions raised by the prayer for relief, together with plaintiff's capacity to
sue, present issues for trial before plaintiff's right to an accounting, as prayed for,
can be determined, and plaintiff's motion for an interlocutory judgment will be
denied.

A person entitled to be regarded as a stockholder cannot be turned out of a court
of equity without a hearing because the officers of the corporation refused to issue
stock to him.

MOTION by defendants to dismiss the complaint on the ground
that it does not state a cause of action, and motion by plaintiff
for an interlocutory judgment of accounting.

*Lawrence Russell* and *Frank L. Cubley,* for plaintiff.

*Andrew J. Hanmer,* for defendants.

ANGELL, J. The complaint is in equity. Defendant moves for its dismissal, alleging that it does not state a cause of action. Its gravamen is that plaintiff Bailey and defendant Barnett planned in 1919 the formation of defendant corporation (first organized under another name) for the manufacture of milk products; that each was to contribute certain moneys and defendant in addition real property which he owned, and that stock was to be issued to them for their contributions; that the corporation was formed, defendant Barnett becoming its secretary and treasurer; that plaintiff paid into said corporation $9,160.68, relying upon the agreement of Barnett that he should have stock therefor; that no stock has been issued to him though he has repeatedly demanded that this be done; that Barnett has managed the corporation, received all the money derived from its business, has retained in his own name the title to the real estate which he agreed to contribute to the corporation and is conducting the corporation for his personal benefit and profit; that the corporation is in debt and insolvent though it has done a large and remunerative business; that if Barnett were required to account, the stock which plaintiff was to have would be of substantial value, the indebtedness of the corporation paid and a balance left in the treasury. The prayer for relief asks for a receiver, for an accounting, and (by amendment at the time this motion was made) for the issuance of stock to plaintiff, that the real estate in question be decreed to be the property of the corporation or that it be impressed with an equitable lien for the amount the corporation is found to have paid for its equipment and construction. A receiver has heretofore been appointed and is in charge of the property.

Assuming these allegations to be true, as must be done upon this motion, it cannot successfully be denied that the complaint sets forth conditions which should appeal to a court of equity. It is true that plaintiff is not a stockholder. Defendants assert that not being such, or a judgment creditor, he cannot maintain this action. But equity regards as done that which should be done. Plaintiff, under the allegations of the complaint, is entitled to be a stockholder, and would have been but for the wrongful acts of defendant Barnett. A person who is entitled to be registered as a stockholder cannot be turned out of a court of equity without a hearing because the officers of a corporation refuse to issue stock to him. 14 C. J. 874, § 1333. While the corporation is not bound, in the absence of adoption or ratification, by any agreement between its promoters (plaintiff and defendant Barnett), made individually before its formation, the allegations of the complaint present a proper question for determination upon the trial as to

whether or not the corporation, by accepting plaintiff's money, ratified and adopted the agreement between him and defendant Barnett regarding the issue of stock to plaintiff. *Slattery* v. *Schwannecke*, 118 N. Y. 543; 2 C. J. 867, § 547. If, then, plaintiff is entitled to have stock of the corporation delivered to him, he may maintain an action in equity therefor. The right, if it exists, is based on a contract, adopted by the corporation, which he is entitled to have specifically performed. *Lang* v. *Thacher*, 46 App. Div. 313; 21 C. J. 60, § 37.

Defendants urge, however, that this action was brought under sections 90, 91 and 91a of the General Corporation Law, and that it does not state a cause of action thereunder. Plaintiff concedes the latter proposition, while disavowing the former. The remedies given by those sections may be invoked, as specified in section 91, only by a creditor of the corporation, an officer thereof, or the attorney-general. If the remedies thus given are exclusive of all others to all persons, defendants must prevail on this motion. But it is clear to me they are not. It is undoubtedly true that where a statute creates a new and specific right and prescribes a remedy therefor, such remedy is exclusive of others (*Jessup* v. *Carnegie*, 80 N. Y. 441), at least unless a contrary intention clearly appears. 1 C. J. 989, § 102. But these sections do not create any new causes of action, except as to the removal or suspension of directors. *People* v. *Equitable Life Assurance Society*, 124 App. Div. 714. In this excepted regard the complaint herein asks no relief or remedy. Neither is it intimated in the statutes referred to that the remedies there given are the only ones open to the officials specified, nor that all persons other than those named are without any redress against corporations, their directors and managing officials. The rights and remedies conferred by these statutes are cumulative. They are not exclusive. To hold otherwise would be to assert that for this wrong which plaintiff asserts he has suffered there is no remedy. Equity cannot thus be restricted. Relief might have been given plaintiff independent of statute, before the enactment of these provisions. These remedies continue to exist. *People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302; *Jordan & Skaneateles Plankroad Co.* v. *Morley*, 23 id. 552; 1 Cyc. 711.

Neither can it avail defendants that no demand upon the corporation to bring this action is alleged. The complaint asserts that the corporation and its affairs were wholly under Barnett's control. If that were the situation it would have been an idle ceremony to make the demand. The inference is necessary from the complaint (assuming it to be true) that defendant Barnett has used his trust as a director and officer of the corporation to

promote his selfish interests. This is sufficient to set a court of equity in motion, and to require an answer. *Sage* v. *Culver,* 147 N. Y. 241, 247. The broad and comprehensive powers of a court of equity over directors and corporations are set forth by Judge Vann in *Bosworth* v. *Allen,* 168 N. Y. 157, where he says: " Equitable jurisdiction extends to all culpable acts and omissions of the directors by which the pecuniary interests of the corporation are or may be injured. * * * A court of equity has power, at the instance of the proper party, through its flexible and comprehensive action for an accounting, to inquire into every official act of the officers and directors."

For the reason above given, it seems clear that plaintiff is a " proper party " to bring this action. Defendants' motion to dismiss the complaint is, therefore, denied.

Likewise, plaintiff's motion for an interlocutory judgment cannot prevail. Whether or not the equitable ownership of the real property in question should be decreed to be in the corporation, or whether an equitable lien should be impressed thereon, are questions that must be tried. Whether plaintiff is entitled to have stock issued to him is also a question — perhaps of law and fact. As to the accounting requested, the complaint alleges that there was contributed by plaintiff $9,160.68, " which said sum was partly paid directly to the said defendant Barnett and partly in the payment of bills incurred in the perfecting of said property for the uses of the corporation." In what capacity did Barnett receive the money paid to him? Was it as an individual or as an officer of the corporation? And what effect did the capacity in which it was paid and received have upon the rights of the parties and the corporations? *Schantz* v. *Oakman,* 163 N. Y. 148. And how much was paid to Barnett, and how much for the purposes of the corporations? These questions, among others, together with plaintiff's capacity to maintain the action, present issues for trial and solution before plaintiff's right to an accounting can be determined.

Motions denied.

Ordered accordingly.