Ida Marco, as Ancillary Administratrix of the Estate of Harry Marco, Deceased, a Stockholder in Blue Ridge Corporation, on Behalf of Himself and All Other Stockholders Similarly Situated, and on Behalf of Said Corporation, Plaintiff, *v.* Arthur Sachs et al., Defendants.

Supreme Court, Special Term, Kings County, October 26, 1951.

*Sullivan & Cromwell* for defendants.

*David M. Palley* for plaintiff.

DI GIOVANNA, J. This is a motion by the individual defendants, save one (Louis E. Kilmarx), to grant them leave to serve a supplemental answer and, on the basis of such pleading as submitted, and documentary evidence in support thereof, to further grant the moving defendants summary judgment in the action.

A brief review of the history of the litigation is necessary to an understanding of the legal issues presented.

This is a stockholder's derivative action. It was commenced in 1936 and involves a claim for $3,000,000, based on asserted wrongful acts of former officers and directors of Blue Ridge Corporation and others to the detriment of such corporation and its stockholders. Blue Ridge is a Delaware corporation. Two thirds of its stock was held by the trustees of Central States Electric Corporation, a Virginia entity, and such stockholding comprised a principal asset of the latter. Under a plan of reorganization submitted to and approved by the United States District Court for the Eastern District of Virginia, affirmed by the higher Federal courts and subsequently carried into effect, Blue Ridge was merged in another Delaware corporation, Blue Ridge Mutual Fund, Inc. (hereinafter called Mutual) on June 28, 1951. The plan of reorganization provided, however, that prior to this merger Blue Ridge was to divest itself of certain contingent assets including the claim in this suit. Pursuant thereto Blue Ridge assigned its rights and interest therein to still another Delaware corporation, known as Ridge Realization Corporation (hereinafter called Realization), receiving therefor all of the stock of Realization, of which stock Blue Ridge then divested itself by a dividend to its stockholders (of record as of June 25, 1951) payable in the Realization stock on a share for share basis. Thereby the stockholders of Blue Ridge became the owners of all of the stock of Realization, the latter corporation retaining Blue Ridge's right and interest in the assigned claim asserted in the instant suit. (This assignment, by express provisions thereof, is to be construed by New York law.)

As a result of the terms of the merger Blue Ridge passed out of existence and Mutual became its legal successor except

that the latter acquired no interest in the claims herein which right passed to Realization, as aforesaid.

These are the facts which the moving defendants wish to set up by their supplemental answer. The argument is made that inasmuch as this action is a derivative one for the benefit of Blue Ridge, the circumstance that plaintiff no longer has any status as a stockholder of Blue Ridge and that the corporation itself has ceased to exist has caused the action to abate, and requires its dismissal since plaintiff has lost her derivative status to sue and since, in any event, a derivative suit may not be prosecuted on behalf of a no longer extant corporation. It is argued, further, that such interest as plaintiff (acting for her intestate) had in Blue Ridge was merged " in her right to the cash value of her shares to be fixed in statutory appraisal, or at her election, in the acceptance of a stock interest in ' Mutual ' "; that " the complaint herein is not asserted by or derivatively on behalf of ' Mutual ' or ' Realization.' " The moving defendants cite section 60 of the Delaware Corporation Law (Rev. Code of Delaware, 1935, § 2092) to support their claim that, under the statute governing its life, Blue Ridge has ceased to exist.

But the latter argument gives no recognition to section 62 of the same law which, as plaintiff points out, provides in effect that rights accrued and asserted in a pending action or proceeding, are not to be cut off by a consolidation or merger, and that such action or proceeding " may be prosecuted * * * as if such consolidation or merger had not taken place or the corporation resulting from or surviving such consolidation or merger may be substituted in its place." (Rev. Code of Delaware, 1935, § 2094.) This section is similar to New York law.

Heretofore a motion was made in this court to permit the substitution of Realization in the action as the assignee of Blue Ridge. Such motion came on to be argued before Mr. Justice BARTELS and was by him denied (see his opinion of July 16, 1951, in *Marco* v. *Sachs,* 201 Misc. 928), the court, however, permitting Realization to be " joined as a nominal party defendant."

Such denial, as the court sees it, does not help the position taken by the moving defendants on the instant application, the refusal to permit the substitution being in discretion and grounded on considerations expressed in the court's opinion which were other than those urged by these defendants.

The rights of plaintiff's intestate accrued prior to the merger and under the provisions of both Delaware and New York

statute law survive. (This is a factor which distinguishes cases relied on by defendants.) Any recovery which may be had in the pending action is a right of property which Blue Ridge recognized and lawfully assigned to Realization. Both Blue Ridge and Realization are before the court as parties, permitting an effective and binding adjudication.

The present application could be construed as tantamount to a repudiation of the assignment made with the sanction of the Federal courts. It is predicated on grounds purely technical, which equity, in the absence of compulsion not here present, will disregard. Equity looks to the substance, not the form (*Small* v. *Sullivan,* 245 N. Y. 343, 354; *Weinert* v. *Kinkel,* 296 N. Y. 151).

As was pointed out in *Holmes* v. *Camp* (186 App. Div. 675, affd. 227 N. Y. 635), at page 679 of the Appellate Division opinion, "An effort should be made to uphold the right of action if it can be legally done, for, otherwise, a means altogether too handy is presented and sanctioned for destroying the rights of minority stockholders."

The motion is therefore denied in its entirety. Settle order.