PLATT CORPORATION, Appellant, v. RONALD L. PLATT et al., Respondents, et al., Defendants.

First Department, April 21, 1964.

*Charles R. Bergoffen* of counsel (*Robert S. Warshaw* and *Stephen Mann* with him on the brief; *Javits Trubin Sillcocks Edelman & Purcell,* attorneys), for appellant.

*Bernard Buchwald* (*Paul Lewin* with him on the brief), attorney for Ronald L. Platt and another, respondents.

*Wilfred R. Caron* of counsel (*Milton D. Goldman* with him on the brief; *Goldman & Drazen,* attorneys), for Jerome Adler, respondent.

EAGER, J. The plaintiff appeals from an order granting defendants' motion to dismiss the complaint upon the ground that the plaintiff did not have legal capacity to sue (CPLR 3211, subd. [a], par. 3) and upon the further ground that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7).

The plaintiff (The Platt Corporation) was organized in 1961 in Delaware to engage in the real estate business. It was authorized to and did issue two classes of stock, viz., Class A common which was generally sold to and held by the public and Class B common, which was principally held by the individual defendant Platt and which had the right to elect two thirds of the directors.

This action was commenced on May 8, 1963 against the defendant Platt (former president of the corporation), certain other directors and officers of the corporation, an attorney who had represented the corporation and a firm of accountants who had been retained and who had acted in the capacity of independent public accountants for and auditors of the corporation. The complaint contains various and divers allegations of wrongful acts of and derelictions in the duties owing by the defendants, and prays for an accounting and a recovery by the corporation of the damages sustained by it on account of the alleged wrongdoing. The moving defendants do not challenge the sufficiency of these allegations to show prima facie the existence of sustainable causes of action in favor of the plaintiff but contend here in effect that the efficacy of the causes has been destroyed by the disposition of the stock of plaintiff's stockholders in connection with its merger into another corporation.

At the time of the commencement of the action, there were pending plans for the merger of the plaintiff corporation into Adson Industries, Inc., a publicly held New York corporation. The circumstances with respect to the negotiations for and the consummation of such merger do not appear in the complaint but are presented by the affidavits submitted on the motion and

by reference therein to the allegations of a complaint in a companion action brought by The Platt Corporation against the defendant Platt.

It appears that in March, 1963, the plaintiff was faced with grave financial difficulties and that a group of plaintiff's Class A shareholders retained an attorney to investigate reports of serious charges of mismanagement and waste in the affairs of the corporation. During the investigation, it was learned that the individual defendant Platt, who controlled the corporation, had tentatively agreed to a merger with Adson on the basis of the sale of his Class B stock to Adson for a very substantial price. The sale was consummated, and, thereby, Adson obtained control of plaintiff's board of directors; thereupon, on April 25, 1963, an agreement of merger was approved by the respective boards of directors of the companies on the basis that plaintiff would merge into Adson and that the plaintiff's outstanding stock, Classes A and B, would be converted into Adson stock at a ratio of $8\frac{1}{3}$ to 1. The protective committee, which had been formed to represent stockholders of the plaintiff, thereafter entered into further discussions and negotiations with Adson and with the new officers of plaintiff elected by Adson. The committee demanded that action be taken against the defendant Platt and others responsible for the alleged mismanagement and waste in plaintiff's affairs. Finally, at the instance of the committee, the merger agreement was amended on May 7, 1963, to provide for an exchange ratio which was more favorable to the Class A stockholders of plaintiff, to wit, it was agreed that they should receive 1 share of stock of Adson for each $6\frac{2}{3}$ shares of their Class A stock; and it was further agreed as follows: "(4) The proceeds of any actions at law or equity brought by or on behalf of the corporation now known as The Platt Corporation shall be distributed among the Class A Common stockholders of record as of April 23, 1963. The surviving corporation shall bear the expense of said actions against former officers, directors and legal and accounting experts but all attorneys fees shall be paid out of the proceeds."

Following the amendment of the terms of the agreement for merger, this action was commenced on May 8, 1963, and then, on May 16, 1963, the shareholders of the plaintiff and of Adson approved the merger agreement as amended. Certificates of consolidation were duly filed on June 5, 1963 in the office of the Secretary of State of New York pursuant to section 91 of the former Stock Corporation Law of this State and with the Secretary of State of the State of Delaware, pursuant to section 252 of the General Corporation Law of said State.

The defendants urge that the consummation of the merger has disabled plaintiff from continuing with the maintenance of this action "not because of the effect of the consolidation on the corporation's rights, but because plaintiff's stockholders disposed of their stock in the consolidation." It is not disputed by the defendants, however, that but for the merger consummated subsequent to the commencement of the action, the plaintiff would have been entitled to maintain this action on the basis of the allegations of the complaint. By statute a corporation is expressly authorized to maintain an action, such as this, against its officers, directors and agents, to recover for misconduct, mismanagement and waste in the affairs of the corporation. (General Corporation Law, §§ 60, 61; Business Corporation Law, § 720; 12 N. Y. Jur., Corporations, § 916.)

More important here, however, is that, primarily and by virtue of the general constitutional authority to sue and be sued (N. Y. Const., art. X, § 4), and independent of sections 60 and 61 of the General Corporation Law (Business Corporation Law, § 720), the corporation is the proper party to sue for injury and damages sustained by it by reason of mismanagement or misconduct in its affairs, waste of assets, or derelictions in duty by the directors, officers, agents or employees of the corporation; and the statutory remedies for such wrongs are in extension, and not in exclusion, of existing remedies, statutory, equitable or at common law. Upon a breach of a corporate contract or of fiduciary duties owing to it, or upon a tortious interference with its property rights, there is a wrong and an injury to the corporation as such; and it is vested with a cause of action therefor. So, independent of the statutory provisions, it possesses the general right to sue its own directors, officers or employees for any such wrong, the same as it has the right to sue any other agent or person for redress of a wrong. (See *Robinson* v. *Smith,* 3 Paige Ch. 222; *Franklin Fire Ins. Co.* v. *Jenkins,* 3 Wend. 130; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52, 58; *Whalen* v. *Strong,* 230 App. Div. 617; *Bailey* v. *Colleen Prods. Corp.,* 120 Misc. 297, affd. 216 App. Div. 774; 7 Am. & Eng. Ann. Cases, p. 1122; 14A C. J., Corporations, § 1922, p. 149 and cases cited; 13 Am. Jur., Corporations, § 1015.)

Furthermore, and still generally speaking, "nothing is lost by a merger of corporations, and any right which lawfully belonged to any of the corporations merged can be asserted by the possessor corporation." (12 N. Y. Jur., Corporations, § 1038, p. 477, citing *McElwain Co.* v. *Primavera,* 180 App. Div. 288.) In accordance with statutory provisions, a cause of action existing in favor of a corporation survives its merger into or

consolidation with another corporation and becomes vested in the surviving or new corporation. (See Stock Corporation Law, §§ 85, 88; Business Corporation Law, § 906; Delaware General Corporation Law, § 261; 12 N. Y. Jur., Corporations, § 1038; 15 Fletcher, Cyclopedia Corporations [Perm. ed.], § 7180; *Bank of Long Is.* v. *Young*, 101 App. Div. 88.) If an action has been brought to recover upon such a cause and is pending at the time of the merger or consolidation, the action does not abate and may be continued by and in the name of the original corporation until there is a substitution as party plaintiff of the surviving or new corporation. (See Stock Corporation Law, § 90; Business Corporation Law, § 906; Civ. Prac. Act, §§ 82, 83; CPLR 1018; *Marco* v. *Sachs*, 201 Misc. 934, affd. 279 App. Div. 1085, affd. 304 N. Y. 912, s. c. 25 Misc 2d 763, affd. 12 A D 2d 774, revd. 10 N Y 2d 542, mot. for rearg. den. 11 N Y 2d 766. See, also, Delaware General Corporation Law, § 261; 15 Fletcher, *supra*, § 7180.)

By virtue of the foregoing general rules, concerning which there should be no question, this action may be continued by plaintiff unless barred by the contemporaneous ownership provisions of former section 61 of the General Corporation Law (see Business Corporation Law, § 626, subds. [a], [b]) applying to stockholders' derivative actions. Relying upon these provisions, defendants' position, flatly stated, is that the causes of action to recover for the alleged wrongs to the plaintiff no longer exist because plaintiff presently has no stockholder who held stock at the time of the alleged wrongful acts and who could maintain a derivative action to recover for such wrongs. In support thereof, the defendants argue that the effect of the merger agreement was to transfer all plaintiff's issued and outstanding stock to Adson after the commission of the alleged wrongs and that, inasmuch as Adson would be precluded from maintaining a stockholder's derivative action by the provisions of said section, the plaintiff may not continue with the action.

Where, however, causes of action against directors and officers for breach of contract or fiduciary duties or in tort, sought to be enforced by the corporation directly, exist independently of the provisions of said section 61, then, of course, the causes are not automatically or necessarily to be controlled by the limitations therein prescribed with respect to the maintenance of derivative actions. In particular case, policy or equitable considerations may require that the rights of a corporation be equated with the rights of its stockholders and that the corporate rights be subjected to the statutory limita-

tions. Such was the case of *Capitol Wine & Spirit Corp.* v. *Pokrass* (277 App. Div. 184, affd. 302 N. Y. 734, mot. for rearg. den. 302 N. Y. 840). But, absent such considerations, the causes here pleaded (and particularly note, the causes alleged against the former attorney and the former accountants for the plaintiff) are to be treated no differently than any ordinary cause to recover damages for conversion, for negligence or for other wrongful injury to the assets or property of the corporation.

The decision in *Capitol Wine & Spirit Corp.* v. *Pokrass* (*supra*), heavily relied upon by defendants, does not stand for a general holding that the contemporaneous ownership provisions of said section 61 (now of Business Corporation Law, § 626) are automatically to be applied to actions of this nature brought by the corporation. In fact, this decision is cited for the contrary holding, to wit: " The statutory provision that in any action brought by a shareholder in the right of a corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction complained of applies only to a derivative stockholder's suit and not to a suit brought by a corporation in its own behalf, and this is true notwithstanding the fact that one stockholder owns the entire capital stock, which he purchased after the commission of the wrongful acts complained of." (12 N. Y. Jur., Corporations, § 918, citing said *Capitol Wine* case; see, also, opinions of PECK, P. J., and SHEINTAG, J. [COHN, J., concurring with SHIENTAG, J.], 277 App. Div. 189–191.)

The defendants point to the Court of Appeals memorandum in the said *Capitol Wine* case (302 N. Y. 734, 736), where it is stated without elaboration: " that section 61 of the General Corporation Law is a bar to the maintenance of this action ", referring, of course, to the particular action there before the court. There, however, it appeared that the suit, though brought in the name of the corporation for wrongful acts of the former directors and officers, was brought for the exclusive benefit of its sole stockholder who had purchased all of the shares in the corporation subsequent to the commission of the alleged wrongful acts. As pointed out by Presiding Justice PECK in this court, the said stockholder of the corporation " for whose exclusive benefit this action is brought and who is the only real party in interest, bought the corporation on the basis of disclosed and guaranteed assets, so that it would be inequitable and an unjust enrichment to permit him in the guise of the corporation to claim against the defendants from whom he bought the corporation for something more than he

bought.'' (*Capitol Wine & Spirit Corp.* v. *Pokrass, supra,* p..189.)

On the facts and from the opinions in this court, it is evident that the rationale of the *Capitol Wine* decision is simply that a corporation may not sue wrongdoing directors and officers where a recovery in the suit would be solely for the benefit of stockholders who themselves lack standing to recover. This was the nature and extent of the holding of the Court of Appeals when it stated that said section 61 was a bar to the maintenance of "this action". The subsequent decisions of such court clearly so indicate. (See *Marco* v. *Sachs,* 304 N. Y. 912, *supra; Diamond* v. *Diamond,* 307 N. Y. 263; *Northridge Cooperative Section No. 1* v. *32nd Ave. Constr. Corp.,* 2 N Y 2d 514, 526.) For instance, in *Diamond* (*supra,* p. 266) following the citing of the *Capitol Wine* decision, it was stated: " The rule is that, when stockholders are individually estopped from questioning wrongs done their corporation, they cannot redress those same wrongs through a suit brought directly by the corporation or derivatively, by themselves, for the corporation.''

Without doubt, on the basis of such rationale, and on the facts, the *Capitol Wine* decision should not be applied to sustain a dismissal of the complaint here. This action is not being prosecuted for the benefit of Adson as a sole stockholder which acquired its stock subsequent to the commission of the alleged wrongful acts. Adson is not the real party in interest and will not be unjustly enriched by a recovery in this action. The effect of the merger was to eliminate all stockholdings in plaintiff since all the stock therein was exchanged for stock in Adson; and, thus, Adson did not become the sole stockholder of plaintiff. When Class A stockholders of plaintiff, some of whom owned their stock prior to or at the time of the commission of the alleged wrongful acts, exchanged their stock for shares in Adson, they not only continued to possess but expressly reserved such a beneficial interest in the corporate assets as should entitle them to redress of the injury occasioned by the alleged acts of the defendants.

It is to be noted that, as aforesaid, the agreement of merger, as amended, provided that the proceeds of the actions against the defendants "shall be distributed among the Class A Common stockholders of record as of April 23, 1963 ". It was, of course, entirely proper for the parties to enter into a special agreement whereby Class A stockholders, as a condition to their consent to the merger, would receive considerations in addition to the exchange of stock at the new ratio agreed upon. Here, instead of so many dollars, the additional consideration

agreed upon was that they should receive the proceeds of the pending actions against defendants. Had it not been so agreed, then, as afore-noted, the causes of action with the right to the proceeds thereof, would have vested in Adson on the consummation of the merger. But by means of this special agreement, Adson segregated and released to the plaintiff's Class A stockholders its interest in the proceeds of such causes of action. Such causes were assignable (see *Grocers' Nat. Bank* v. *Clark,* 32 How. Pr. 160; Personal Property Law, § 41; 13 Am. Jur., Corporations, § 1016; Note, "Assignability of the Corporate Cause of Action Against Directors for Fraud", 45 Yale L. J. 525), and *Marco* v. *Sachs* (*supra*) is clear authority for the propriety and validity of the transaction and the sustaining of the causes of action after the merger for the benefit of the Class A stockholders.

Policy and equitable considerations weigh heavily in favor of rather than against the conclusion that the causes of action against the defendants did not become obliterated by the merger of the wronged corporation into another corporation. To hold that a merger generally would have the effect of destroying such causes of action would be tantamount to paving the way for deliberate corporate pilfering by management and then for the immunization of the guilty officers from liability therefor by their arranging for a merger or consolidation of the corporation into or with another corporation. So the causes of action here should be sustained "for, otherwise, a means altogether too handy is presented and sanctioned for destroying the rights of minority stockholders." (See *Holmes* v. *Camp,* 186 App. Div. 675, 679, affd. 227 N. Y. 635; *Marco* v. *Sachs,* 201 Misc. 934, 937, *supra.*)

We are not concerned here with the question of whether the action should be continued in the name of The Platt Corporation, or whether Adson, as the surviving corporation, should be substituted as the party plaintiff to carry on the litigation. No application for a substitution has been made and in the meantime, as afore-noted, the action shall be continued in the name of The Platt Corporation, as plaintiff. (See Business Corporation Law, § 906, and CPLR 1018, referred to *supra.*) In this connection, however, it is to be specifically noted that Adson does bear a responsibility in the matter of this litigation in that it was expressly agreed that, as the surviving corporation, it "shall bear the expense of said actions against former officers, directors and legal and accounting experts but all attorneys fees shall be paid out of the proceeds."

Finally, the defendants' further point that the agreement here violates section 275 of the New York Penal Law is without merit. There is nothing champertous in an arrangement, incident to a merger, whereby certain assets of the merged corporation, including choses of action, are segregated for the benefit of the stockholders of that corporation rather than for all of the stockholders of the surviving corporation. Actually, the transaction here did not involve any solicitation by, purchase of or transfer to the plaintiff of any claim or demand. In any event, the applicability of said section 275 would be a matter of defense and involves questions of fact not generally determinable upon a motion to dismiss the complaint for insufficiency.

The order, entered December 9, 1963, should be reversed, on the law, with costs to plaintiff-appellant, and the defendants' motion to dismiss the complaint denied, with $20 costs.

Botein, P. J., Breitel, Valente and Witmer, JJ., concur.

Order, entered on December 9, 1963, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and defendants' motion to dismiss the complaint denied, with $20 costs.