INDEPENDENT INVESTOR PROTECTIVE LEAGUE et al., Appellants, v TIME, INC., Respondent, et al., Defendants.

First Department, February 1, 1979

APPEARANCES OF COUNSEL

*I. Walton Bader* of counsel *(Bader & Bader,* attorneys), for

Independent Investor Protective League and others, appellants.

*Calvin R. House* of counsel *(Robert D. Joffe* with him on the brief; *Cravath Swaine & Moore,* attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J.

Plaintiffs appeal from an order and judgment entered thereon which granted the motion by defendant Time, Inc. (Time) and dismissed the complaint in this derivative action with prejudice on the grounds that (1) plaintiffs lacked capacity to sue, and (2) the complaint failed to state a cause of action. The issue is the propriety of a derivative action commenced subsequent to dissolution of a corporation and the winding up of its affairs.

In this action, plaintiffs, former stockholders of record of Sterling Communications, Inc. (Sterling) sue derivatively on behalf of Sterling to recover against the individual defendants, who are the former directors of Sterling, and defendant Time, the majority shareholder of Sterling into which Sterling was merged in September, 1973. The complaint contains one cause of action to recover from defendants for fraudulently and unlawfully causing the value of Sterling's stock to become depressed. Plaintiffs assert that as a result of these actions Time was enabled to acquire the assets of Sterling at a price approximately $15,000,000 below the true value of Sterling's stock. The action was commenced by service of process upon defendant Time in March, 1974, six months after the acquisition of Sterling by Time and after the winding up of Sterling's affairs had been completed following shareholder approval of the dissolution of the corporation and distribution of its assets. Process has not been served on the individual defendants.

The individual plaintiffs may be appropriately classified as within four groups: (1) those who accepted payment from Time for their shares in Sterling and surrendered their stock; (2) those who did not surrender their stock, having demanded appraisal pursuant to section 623 of the Business Corporation Law, a proceeding which has been held in abeyance pending disposition of this action; (3) those for whom checks had been issued by Time but who have refused to surrender their Sterling shares; and (4) those not listed as shareholders of Sterling at the time of the dissolution.

■ We are in agreement with Special Term's disposition that plaintiffs may not proceed in a derivative capacity since they were not shareholders of Sterling at the time the action was commenced, as is required by subdivision [b] of section 626 of the Business Corporation Law. The statute requires that shareholders suing derivatively establish that they were stockholders at the time the action was brought. Here, since Sterling had been dissolved prior to commencement of the action, plaintiffs lack necessary standing to proceed by or in the right of the corporation. This result necessarily follows since at the time suit was instituted, the corporate entity did not exist. Nevertheless, plaintiffs are not without appropriate remedy. We are in agreement that although plaintiffs may not sue in a derivative capacity, they are not barred by the dissolution from maintaining either an appropriate individual or representative action against the individual defendants, who were the former officers and directors of Sterling, on a sufficient showing of breach of their fiduciary obligations owed to plaintiffs as minority shareholders.

*Albert v Salzman* (41 AD2d 501, mot for lv to app den 33 NY2d 520) is instructive. There plaintiffs alleged a cause somewhat similar to that asserted herein for fraudulently depressing the value of stock of a merged corporation. This court held that a derivative action on behalf of a merged corporation would survive the merger, relying upon *Marco v Sachs* (201 Misc 934, affd 279 App Div 1085, affd 304 NY 912). This court modified the order to the extent of permitting intervention of another stockholder of the merged corporation in place of plaintiff who had sold his shares, thereby disqualifying him from proceeding on behalf of the merged corporation. This court rejected a contention similar to that urged here that the proposed intervenor could not proceed on behalf of the merged corporation since he had assented to the merger by exchanging his stock: "At most this would constitute a defense dependent for its validity on principles applicable to all waivers, namely, intention as affected by the surrounding circumstances. In any event, it would not preclude recovery against the individuals on the first cause of action for the reasons already stated." *(Albert v Salzman,* 41 AD2d 501, 506, *supra.)* The opinion of Justice STEUER also recognizes the right to bring or continue an individual or representative action after the merger: "So far as the individual defendants are concerned, whether the action be regarded as derivative or

representative there is no difficulty. Concededly if the action is representative no obstacle to suit is presented." *(Albert v Salzman, supra,* p 505.)

Similarly, in *Platt Corp. v Platt* (21 AD2d 116, affd 15 NY2d 705), this court recognized the right of a merged corporation to continue an action brought against its directors and officers for an accounting and for damages for misconduct and waste of corporate assets despite the subsequent merger *(supra,* p 124): "Policy and equitable considerations weigh heavily in favor of rather than against the conclusion that the causes of action against the defendants did not become obliterated by the merger of the wronged corporation into another corporation. To hold that a merger generally would have the effect of destroying such causes of action would be tantamount to paving the way for deliberate corporate pilfering by management and then for the immunization of the guilty officers from liability therefor by their arranging for a merger or consolidation of the corporation into or with another corporation. So the causes of action here should be sustained * * * (See *Holmes v. Camp,* 186 App. Div. 675, 679, affd. 227 N.Y. 635; *Marco v. Sachs,* 201 Misc. 934, 937, *supra.)"*

*Holmes v Camp* (186 App Div 675, affd 227 NY 635) cited and relied upon in *Platt* (21 AD2d 116, affd 15 NY2d 705, *supra)* permitted a representative action brought by stockholders against directors of a foreign subsidiary corporation for fraudulent transfers of stock to themselves to continue despite the subsequent dissolution of the corporation. In permitting the action to be prosecuted to judgment, even after dissolution had occurred, this court ruled (p 679): "An effort should be made to uphold the right of action if it can be legally done, for, otherwise, a means altogether too handy is presented and sanctioned for destroying the rights of minority stockholders."

Both *Albert v Salzman* (41 AD2d 501, mot for lv to app den 33 NY2d 520, *supra)* and *Platt Corp. v Platt (supra)* were concerned with the continued viability of an action despite subsequent merger of the corporation. Although the present case concerns a right of action following dissolution, the same equitable considerations require that minority shareholders be afforded a remedy against former officers and directors. Similarly, while *Holmes v Camp (supra)* is distinguishable in that it involved an action commenced prior to dissolution, we hold that the fact of dissolution should not deprive minority stockholders from legal redress for wrongs previously committed by

officers and directors of the former corporation. To hold otherwise would be to reward the allegedly dishonest officers and directors for having moved with dispatch to effect the dissolution of the corporation and the winding up of its affairs, before minority shareholders could take appropriate action. We find no prohibition in the cited cases precluding minority shareholders from commencing an action, either in their individual or representative capacity, against former officers and directors of a dissolved corporation for acts fraudulently designed to depress the value of the shares of stock of the corporation.

■ The complaint in this action alleges only a derivative cause of action on behalf of the defunct corporation. No individual or representative claim has thus far been asserted against the individual defendants. Plaintiffs on the appeal contend that Special Term erred in failing to permit an amendment to the complaint to assert either an individual or representative claim against the former directors. Special Term correctly observed that neither the dissolution nor the dismissal of this derivative action would bar plaintiffs from maintaining either an individual or representative action against the individual defendants. However, there was no basis for permitting such an amendment. There was no showing on the papers before the court that the individual defendants were actually served with process in the action or that they were parties before the court upon Time's motion to dismiss. Moreover, the preargument statement and notice of appeal indicate that only Time was served with process. The County Clerk's file does not contain proof of service of process upon the individual defendants, as required by applicable court rules. Since the individual defendants were not before the court and since only defendant Time had moved to dismiss, the court could not have passed upon plaintiffs' rights to proceed against the individual defendants, who were not parties to the action. All that the court had before it was plaintiffs' assertion of a derivative claim against Time and Time's motion to dismiss. Both the order and the judgment entered thereon properly dismissed the complaint with prejudice. The dismissal does no more than preclude a subsequent derivative action against Time. This disposition, however, does not prevent plaintiffs from seeking appropriate relief, either in their individual or representative capacity, against the former officers and directors of Sterling. Nor does it interfere with the rights of those plaintiffs who dissented and who

elected to proceed by appraisal as provided for in section 623 of the Business Corporation Law. It has been held that an appraiser has the right to consider the value of corporate causes of action against officers and directors for wrongdoing since such causes of action may have "an important bearing upon the value of its common stock." *(Matter of Tabulating Card Co. v Leidesdorf,* 17 Misc 2d 573, 574; see *Albert v Salzman,* 41 AD2d 501, 505, *supra.)*

Accordingly, the order, Supreme Court, New York County (FRAIMAN, J.), entered October 4, 1977 and the judgment entered thereon October 5, 1977, should be affirmed, without costs.

BIRNS, J. P., LANE, LYNCH and SANDLER, JJ., concur.

Order, Supreme Court, New York County, entered on October 4, 1977, and the judgment entered thereon on October 5, 1977, unanimously affirmed, without costs and without disbursements.