AMERICAN CREDIT INDEMNITY COMPANY, Plaintiff,

v.

H. Alan LEGGE and Daniel Sullivan, Jr., Defendants.

No. 92 Civ. 2101.

United States District Court, S.D. New York.

Aug. 12, 1993.

Lawrence Iason, Morvillo, Abramowitz, Grand, Iason & Silverberg, New York City, for plaintiff.

Warren L. Feldman, Rogers & Wells, for Legge, G. Robert Gage, Gage & Finnerman, for Sullivan, New York City, for defendants.

## MEMORANDUM ENDORSEMENT

STANTON, District Judge.

The points raised in defendants' motion for dismissal of the complaint are disposed of as follows:

■ 1. The argument that the plaintiff corporation lacks standing to bring this suit to recover damages for injuries to the corporation is rejected, for lack of a factual showing that the suit is inequitable for reasons beyond the mere fact that its sole shareholder acquired its shares after the challenged transactions. *Capitol Wine & Spirit Corp. v. Pokrass,* 277 App.Div. 184, 98 N.Y.S.2d 291 (1st Dep't 1950), *aff'd,* 302 N.Y. 734, 98 N.E.2d 704 (1951) (*criticized,* 65 Harv.L.Rev.

345 (1951)), involved a sole shareholder who not only purchased his shares after the alleged wrongs by corporate insiders, but who had also already brought (and, according to the syllabus in the Court of Appeals report, recovered on) a separate individual action for the deficiency in value of the corporate assets. Under those circumstances, it would have been inequitable to allow him to recover from the same defendants in the guise of a suit by the corporation. As pointed out in *Platt Corp. v. Platt,* 21 A.D.2d 116, 249 N.Y.S.2d 75 (1st Dep't 1964), *aff'd,* 15 N.Y.2d 705, 256 N.Y.S.2d 335, 204 N.E.2d 495 (1965), the *Capitol Wine* case does not stand for a general holding that a corporation is barred from recovering damages for an injury it sustained before its sole shareholder bought its stock, merely because the shareholder could not maintain a derivative action on its behalf under N.Y.Bus.Corp.Law § 626, which requires a plaintiff to have owned his shares at the time of the transactions of which he complains. 249 N.Y.S.2d at 81. *See,* Comment, *Demise of the Doctrine of Capital [sic] Wine and Spirit v. Pokrass,* 18 Buff.L.Rev. 184 (1969).

■ 2. Since the complaint alleges that the defendants performed the predicate indictable acts "in conducting the affairs of the enterprise" and "in the conduct of the affairs of the enterprise" (Amended Complaint ¶¶ 58, 63) and the enterprises are sufficiently described as associations-in-fact composed of identified individuals and corporations (*see, United States v. Huber,* 603 F.2d 387, 394 (2d Cir.1979)), the motion to strike the RICO claim on its face is denied. The complaint sufficiently alleges the existence of an ongoing organization which functioned as a continuing unit.

■ Plaintiff has sufficiently pleaded a RICO conspiracy under 18 U.S.C. § 1962(d), since it properly pleaded a RICO claim under 18 U.S.C. § 1962(c). RICO's pattern requirement is not unconstitutionally vague. *See, United States v. Coiro,* 922 F.2d 1008, 1017 (2d Cir.1991).

■ 3. The date by which plaintiff should have discovered the existence of the claims alleged in the complaint, and whether the

defendants concealed their alleged conduct, depend upon the resolution of questions of fact. Accordingly, the motion to dismiss on the grounds of the statute of limitations is denied.

The motion to dismiss the amended complaint is denied.

So ordered.